*In re* Quejas contra los LICS. ISRAEL ROLDÁN GONZÁLEZ y JOSÉ MEDINA.

*Número:* A-82-14      *Resuelto:* 28 de junio de 1982

*Israel Roldán González* y *José Medina, pro se.*

PER CURIAM: El Alcalde de Aguadilla, Sr. Alfredo González Pérez, se ha querellado ante este Tribunal, señalando que los abogados Lcdo. Israel Roldán González y Lcdo. José J. Medina Méndez, a la vez que prestan servicios profesionales, por contrato, a la Asamblea Municipal de Aguadilla, han estado representando los intereses de ciudadanos particulares en pleitos contra dicho municipio, lo que a su juicio plantea un conflicto de intereses. Advertidos de esa aparente posibilidad, emitimos resolución el 20 de mayo de 1982 en que requerimos de dichos abogados "mostrar causa, si la hubiere, por la cual no deban cesar ostentando la representación simultánea como asesores legales de la Asamblea Municipal y abogados privados en acciones contra el Municipio".

Admiten los querellados, en su réplica a dicha resolución, que han sido contratados por la asamblea municipal en función de asesores y han representado a la asamblea en acciones judiciales contra el alcalde, tanto como a ciudadanos en pleitos contra el alcalde, por alegados discrímenes políticos, en defensa de los derechos constitucionales de dichos ciudadanos, pleitos en los que no interviene la asamblea municipal. Entienden que no hay conflicto de intereses en ello. Discrepamos.

■ Los municipios están organizados como corporaciones políticas y jurídicas constituidas por sus habitantes. Art. 2 de la Ley Municipal, 21 L.P.R.A. sec. 1102. En ese sentido, cada municipio es una unidad cuyo gobierno y funciones son compartidos por la asamblea municipal, en la que reside el poder legislativo, y por el alcalde, en quien reside el poder ejecutivo. Arts. 7 y 32 de la Ley Municipal, 21 L.P.R.A. secs. 1107 y 1251, respectivamente. El hecho de que en determinado momento haya conflicto entre ambos poderes, como sucede en particular cuando, como en el caso del Municipio de Aguadilla, el alcalde y la mayoría de los miembros de la asamblea municipal militan en partidos opuestos, no destruye la unidad política y jurídica que es el municipio. Cada municipio es susceptible de derechos y obligaciones, tales como contratar, ser acreedor y deudor, adquirir, administrar y vender o enajenar propiedades; y nutre sus ingresos, entre otras fuentes, de las rentas y productos de sus bienes, de los intereses sobre fondos en depósito e inversiones en valores y de las contribuciones que pagan sus habitantes. Arts. 2 y 90 de la Ley Municipal, 21 L.P.R.A. secs. 1102 y 1479, respectivamente.

De especial relevancia, para la cuestión aquí planteada, es la siguiente disposición de la Ley Municipal:

> Todos los gastos en que incurriere el gobierno de cada municipio por concepto de sueldos de sus respectivos funcionarios y empleados, atenciones de sus oficinas y departamentos y todos los gastos y obligaciones incurridos o contraídos o que hayan de incurrirse o contraerse, para o por concepto de obras y mejoras del municipio, o para el fomento de éste, se pagarán por el respectivo municipio, el cual proveerá los fondos que para ello fueren necesarios de acuerdo con las disposiciones legales pertinentes excepto cuando de otro modo se disponga por ley. Art. 6 de la Ley Municipal, 21 L.P.R.A. sec. 1106.

La efectividad de esta disposición ha de depender, necesariamente, de las partidas que se incorporan en el presu-

puesto para cada año fiscal, en cuya aprobación intervienen la asamblea municipal y el alcalde. Arts. 22, 31 y 35 de la Ley Municipal, 21 L.P.R.A. secs. 1164, 1173 y 1254, respectivamente.

Señala el alcalde, aquí querellante, en su carta de querella del 26 de abril de 1982, que la asamblea municipal "hizo una reserva de $200,000.00 para el pago de los casos que representa el referido bufete, sin haber recaído sentencia final en dichos casos". En el *exhibit* II que acompaña a su querella dice el alcalde:

> Para dramatizar el conflicto de intereses, el Lcdo. Roldán, del Bufete Roldán & Medina, recomendó en su carácter de asesor legal de la Asamblea, que ésta asignara $200,000.00 en la partida de pago de sentencias del presupuesto municipal en el último reajuste presupuestario, a lo que la Asamblea accedió. Esta cantidad de $200,000.00 coincide con la cantidad que por sentencia reciente se le concedió a los representados del Lcdo. Roldán en el precitado caso de Wilfredo Cortés (ver proyecto de ordenanza #50 adjunto —última partida # 6613—).

Efectivamente, en el *exhibit* IV de la querella, que es copia de la ordenanza adoptada por la asamblea municipal el 22 de enero de 1982, aparece, en su primera sección, la siguiente partida:

6613 — Pago sentencia...................... $200,000.00.

Tomamos conocimiento judicial del mencionado caso de Wilfredo Cortés, cuyo expediente fue objeto de nuestra consideración en el caso R-82-47, *Wilfredo Cortés y otros* v. *Alfredo González Pérez, Alcalde de Aguadilla.* Se trató allí de un pleito instado por los abogados aquí querellados, a nombre de treinta empleados del Municipio de Aguadilla que alegaron haber sido ilegalmente despedidos por el aquí querellante, por razones políticas. Recayó sentencia el 22 de diciembre de 1981, que ordenó la reposición de todos los demandantes en sus puestos, con derecho a paga por todos los sueldos y beneficios dejados de devengar desde la fecha

de sus respectivos despidos, más determinadas cantidades para cada uno por concepto de daños sufridos, las costas y $6,000 para honorarios de los abogados aquí querellados. Dicha sentencia fue objeto del recurso de revisión R-82-47, ante nos, y advino final y firme el 15 de abril de 1982, fecha en que se remitió el mandato de este Tribunal, luego de denegar la expedición del auto de revisión solicitado.

Los querellados no han controvertido el hecho de su alegada gestión para que la asamblea municipal incluyera la mencionada partida de $200,000, en el presupuesto para el pago de dicha sentencia. Al aprobarse la ordenanza el 22 de enero de 1982, aún no era final y firme la sentencia. La partida de $200,000 es para beneficio de los clientes particulares de los querellados y para el de los querellados particularmente, a quienes se concede una suma de dinero por concepto de sus honorarios en dicho caso.

■ El conflicto de intereses es tan obvio que resalta a la vista y hiere la retina. No es el alcalde demandado quien va a pagar la sentencia, sino el Municipio de Aguadilla, con sus fondos, quien ha de pagarla. La asamblea municipal es parte integrante del gobierno de ese municipio y cliente de los querellados. Los querellados se están beneficiando de su cliente, que es la asamblea, contra los intereses de la corporación municipal de la cual forma parte la asamblea. Esta conducta de los querellados está reñida con el Canon 21 del Código de Ética Profesional, en particular con su segundo párrafo, que dice:

> No es propio de un profesional el representar intereses encontrados. Dentro del significado de esta regla, un abogado representa intereses encontrados cuando, en beneficio de un cliente, es su deber abogar por aquello a que debe oponerse en cumplimiento de sus obligaciones para con otro cliente.

■ El abogado debe ser escrupuloso en la obediencia de las normas de conducta que rigen la profesión. En el descargo de sus responsabilidades profesionales, debe cuidarse

de que sus actuaciones no den margen a la más leve sospecha de que defiende intereses encontrados con los de su cliente. En ese caso, es su deber desligarse cuanto antes de la representación profesional que ostenta. Nos parece que, en el caso ante nuestra consideración, resulta impermisible, desde el punto de vista de la ética profesional, que los abogados Israel Roldán González y José J. Medina Méndez continúen siendo abogados de la Asamblea Municipal de Aguadilla y al mismo tiempo sean abogados en causas en que el Municipio de Aguadilla pueda ser llamado a responder. En las circunstancias particulares de este caso, nos parece inevitable que se desliguen de ambas representaciones profesionales. *Así se dispondrá y se les apercibirá de que en el futuro sean más escrupulosos en su práctica profesional.*

Los Jueces Asociados Señores Torres Rigual y Rebollo López no intervinieron.