# 99 DTA 112

### TRIBUNAL DE CIRCUITO DE APELACIONES
### CIRCUITO REGIONAL III, ARECIBO/UTUADO

WILSON LOPEZ VERA, ET ALS
Demandantes-Recurrentes

v.

JUSTO A. LOPEZ VERA, ET ALS
Demandados-Recurridos

Núm. KLCE-92-01332

San Juan, Puerto Rico, a 17 de marzo de 1999

Panel integrado por su Presidenta, Juez Pesante Martínez
y los Jueces señores Martínez Torres y Salas Soler

Pesante Martínez, Juez Ponente

## TEXTO COMPLETO DE LA SENTENCIA

La parte demandante-peticionaria, Wilson López Vera, presenta el recurso de *Certiorari* de epígrafe, con el propósito de obtener una revocación de una parte de la Resolución, emitida por el Tribunal de Primera Instancia, Sala Superior de Utuado, mediante la cual se determinó que no procede la descalificación del Lcdo. Angel Samuel Bonilla Rodríguez, en un pleito de Partición de Herencia, permitiéndole así continuar con tal representación legal. Se expide el auto de *certiorari* solicitado y revocamos.

### I

Se presenta ante esta Curia una controversia que tiene como protagonistas a los miembros de dos sucesiones. De una parte tenemos a la sucesión de dona Providencia Vera Crespo, la cual tiene como miembros a sus hijos, Cecilia Esther, Nilda Rosa, Minerva, Justo Apolinar, Eddie Franklyn, Wilson, Nelson, Ferdinand, Lydia y Francisco, todos de apellidos López Vera. Por otro lado, tenemos a los miembros de la sucesión de Justo López Echeandía compuesta por todos los primeros mencionados además de sus hijas Zulma López Soto, Nereida López Soto y Erohilda López Mártir.

En el pleito de filiación de Nereida López Soto y Camen Zulma López Soto contra su padre el señor Justo López Echeandía, el Lcdo. Bonilla Rodríguez asumió la representación legal de ambas promoventes. En dicho pleito se declaró a Nereida López Soto como hija de don Justo, más no así a Carmen Zulma López Soto. En acción de filiación posterior, promovida por Carmen Zulma López Soto contra su padre, se demandó a la sucesión, incluyéndose esta vez a Nereida López Soto como demandada.

A su vez, en otro pleito ante el Tribunal de Aguadilla, los demandantes Lydia López Vera, Francisco A. López Vera y Nereida López Soto, representados también por el licenciado Angel Samuel Bonilla Rodríguez, demandaron a la sucesión de Providencia Vera Crespo y la de Justo López Echeandía. En este pleito no figuraba como demandada Carmen Zulma López Soto. Se indicó que dicha persona tenía una acción filiatoria pendiente

ante dicho tribunal.

Mediante resolución dictada por el Tribunal Supremo se le ordenó al Lcdo. Angel Samuel Bonilla Rodríguez, renunciar a la representación legal que ostentaba en los casos mencionados anteriormente. Ello en virtud de moción presentada para que se le descalificara a tenor con los Cánones de Etica Profesional.

Posteriormente, en pleito sobre División de Herencia y Adjudicación de Legados, en el cual figuraron como demandantes y demandados miembros de ambas sucesiones, el licenciado Bonilla Rodríguez presentó una petición de Intervención con el fin de cobrar honorarios por servicios prestados a: Justo O. López Vera, Francisco A. López Vera, Lydia López Vera, Erohilda López Martír, Nereida López Soto y Carmen Zulma López Soto. El tribunal denegó la intervención del licenciado Bonilla Rodríguez. Este presentó Moción de Reconsideración que fue resuelta con un *"Nada Que Disponer"*.

Así las cosas, el licenciado Bonilla Rodrígues presentó demanda por violación de contrato y cobro de dinero ante el Tribunal Superior, Sala de Utuado. Esto con el fin de cobrar los mismos honorarios que intentó recobrar en la solicitud de intervención denegada. Los demandados en dicha acción eran los mismos, a saber, Justo O. López Vera, Francisco A. López Vera, Lydia López Vera, Erohilda López Mártir, Nereida López Soto y Carmen Zulma López Soto, parte demandada en el caso de epígrafe.

Luego, el licenciado Angel S. Bonilla Rodríguez presentó Moción para que se le permitiera asumir la representación de las co-demandadas Nereida López Soto y Carmen Zulma López. La misma quedó en suspenso hasta que el abogado de récord, Lcdo. Luis Garrastegui, informara su status como abogado de éstas. Pasados varios incidentes procesales, y de la renuncia de la representación legal de las co-demandadas, el Tribunal le concedió 20 días a las co-demandadas para anunciar su nueva representación legal. Es entonces cuando comparece el Lcdo. Bonilla Rodríguez sometiendo documentos en los cuales acredita haber sido contratado por las co-demandadas Nereida López Soto y Carmen Zulma López.

Mediante orden emitida por el Tribunal, se aceptó la representación legal del licenciado Bonilla. La parte demandante presentó una moción solicitando la descalificación del Lcdo. Bonilla. Se dictó resolución en el que el tribunal de instancia adjudicó dos aspectos: la descalificación de la contador partidor y la solicitud de descalificación del Lcdo. Bonilla Rodríguez. En lo pertinente al caso de autos, el tribunal permitió que el Lcdo. Bonilla Rodríguez continuara fungiendo como abogado de Nereida López Soto y Carmen Zulma López.

Inconforme con la parte de la resolución que le permitío al licenciado Bonilla continuar representando a Nereida López Soto y Carmen Zulma López, el peticionario presenta, oportunamente, el presente recurso de epígrafe. Nos senala que erró el Tribunal de Instancia al permitir al Lcdo. Angel Samuel Bonilla Rodríguez continuar con la representación legal, cuando su conducta está reñida con los principios más elementales de los cánones de ética referente a intereses encontrados que regulan la profesión legal.

Examinado la totalidad del expediente y contando con el beneficio de la comparecencia de todas las partes, expedimos el auto. Revocamos y ordenamos la descaliticación del Lcdo. Bonilla Rodríguez.

## II
En Puerto Rico la fe en la justicia se considera determinante en la convivencia social, por lo que es de primordial importancia instituir y mantener un orden jurídico íntegro y eficaz. Sobre los miembros de la profesión legal recae principalmente la misión de administrar la justicia, por lo que deben desempeñar su alto ministerio con la mayor y má excelsa competencia, integridad y responsabilidad. Preámbulo del Código de Etica de los Miembros de la Profesión Legal de Puerto Rico, 4 L.P.R.A. Ap. IX.

Todo abogado debe actuar siempre de acuerdo a los ideales esbozados en el Preámbulo del Código. No importa en que carácter esté fungiendo, sea como fiscal, juez u otro, tiene que cumplir con los deberes que le impone el Código. *In re: Currás Ortiz* ___ D.P.R. ___ (1996), **96 J.T.S. 114,** op. de 13 de agosto de 1996.

Es una obligación fundamental de todo abogado luchar para que toda persona tenga acceso a la representación capacitada, íntegra y diligente de un abogado. El desempeño de la abogacía requiere en todo momento celo, cuidado y prudencia. La consecución de estos logros no admite duda ni ambigüedad en la gestión profesional. *In re: Rodríguez Torres,* 104 D.P.R. 758, 765 (1976). La vigencia de las normas de ética no distingue ni depende entre quienes en situación de conflicto tienen fortaleza para resistir la humana tentación de adelantar impropiamente sus intereses personales frente a los débiles de voluntad. *In re: Cancio Sifre,* 106 D.P.R. 386, 395 (1977). Ese reclamo tiene su génesis en la fidelidad, lealtad y diligencia a que es acreedor el cliente, *Colón Prieto v. Géigel,* 115 D.P.P. 232 (1984).

El principio general que rige los deberes de un abogado para con su cliente establece que toda relación abogado-cliente debe fundamentarse en la confianza. Todo abogado le debe a sus clientes un trato profesional caracterizado por el despliegue de la mayor capacidad, lealtad y honradez que el abogado pueda ofrecer.

Dado que enfrentamos una controversia relacionada a una petición de descalificación del Lcdo. Angel Bonilla Rodríguez, entendemos pertinente examinar la facultad que tiene un tribunal de primera instancia al dilucidar semejante petición.

Mediante jurisprudencia se ha resuelto que un tribunal de primera instancia, al igual que un ente administrativo, tiene la facultad de entender en asuntos de descalificación de un miembro de la profesión legal. A esos efectos nos dijo el Tribunal Supremo en *K-Mart Corp. v. of P.R., Inc.,* 121 D.P.R. 633 (1982), que:

*"En otras jurisdicciones se ha resuelto que una moción de descalificación no constituye de por sí una acción disciplinaria contra los abogados. Se reconoce como una medida preventiva para evitar posibles violaciones a los Cánones de Etica Profesional. Por consiguiente, los tribunales de primera instancia, en el ejercicio de su poder inherente de supervisar la conducta de los abogados que postulan ante sí, pueden entender y resolver dichas mociones cuando las mismas surgen como cuestiones colaterales en casos pendientes ante sí. Igualmente puede este Tribunal, en el ejercicio revisor de las decisiones judiciales, proveer dicho remedio." Sánchez Rodríguez v. López Jiménez,* 116 D.P.R. 171, 190 (1985).

Hoy establecemos la norma en nuestra jurisdicción de que los procedimientos de descalificación no constituyen por sí acciones disciplinarias sujetas a la jurisdicción original y exclusiva de este Tribunal. Los tribunales de primera instancia, en el ejercicio de su poder inherente de supervisar y controlar la conducta de los abogados que postulan ante sí, pueden entender y resolver mociones de descalificación de abogados sin menoscabar el poder exclusivo de este Tribunal para entender en acciones disciplinarias contra abogados.

Así también, los organismos administrativos cuasijudiciales tienen la facultad de dirimir mociones de descalificación con miras a mantener el orden y control de sus procedimientos y evitar una posible violación a los Cánones de Etica Profesional.

Surge de los autos ante nos que Don Wilson López Vera presentó queja ante el Tribunal Supremo, contra el licenciado Bonilla Rodríguez. Dicho procedimiento resultó en una orden exigiéndole al licenciado Bonilla que renunciara a la representación legal que ostentaba. Luego, el Lcdo. Bonilla Rodríguez pide intervención para cobrar honorarios de los cuales era acreedor. Ante la negativa del tribunal, presenta pleito independiente para cobrar dichos honorarios. Posteriormente, el abogado de referencia asume nuevamente la representación legal de

Nereida López Soto y Carmen López Soto, a quienes demandó como parte del pleito sobre cobro de dinero. Ante los hechos reseñados, arguye el licenciado Bonilla Rodríguez en su comparecencia: (1) que cuenta con el consentimiento de las representadas para su gestión legal; (2) que desistió del pleito sobre cobro de dinero con perjuicio antes de asumir la representación legal de Nereida y Carmen Zulma López Soto; y (3) que su conducta no está reñida con los cánones debido a que los asuntos en los cuales ha intervenido no se relacionan entre sí. No le asiste la razón.

Se presenta ante esta Curia la controversia de si dada todas las intervenciones del licenciado Bonilla en los hechos antes reseñados, se perfila una situación de conflicto de intereses, que de existir, constituye conducta reñida con los principios esbozados en los Cánones de Etica Profesional, por lo cual deba ser descalificado del pleito.

El aspecto del conflicto de interés, proscrito por los cánones, se pone de manifiesto en el Canon 21, 4 L.P.R.A. Ap. IX, C.21. El mismo dispone:

*"Canon 21. Intereses encontrados*

*El abogado tiene para con su cliente un deber de lealtad completa. Este deber incluye la obligación de divulgar al cliente todas las circunstancias de sus relaciones con las partes y con terceras personas, y cualquier interés en la controversia que pudiera influir en el cliente al seleccionar su consejero. Ningún abogado debe aceptar una representación legal cuando su juicio profesional pueda ser afectado por sus intereses personales.*

*No es propio de un profesional el representar intereses encontrados. Dentro del significado de esta regla, un abogado representa intereses encontrados cuando, en beneficio de un cliente, es su deber abogar por aquello a que debe oponerse en cumplimiento de sus obligaciones para con otro cliente.*

*La obligación de representar al cliente con fidelidad incluye la de no divulgar sus secretos o confidencias y la de adoptar medidas adecuadas para evitar su divulgación. Un abogado no debe aceptar la representación de un cliente en asuntos que puedan afectar adversamente cualquier interés de otro cliente anterior ni servir como árbitro, especialmente cuando el cliente, aun cuando ambos clientes así lo aprueben. Será altamente impropio de un abogado el utilizar las confidencias o secretos de un cliente en perjuicio de éste...."*. (Parte de la cita omitida).

Por otra parte, el Canon 38 dispone, en parte y en lo pertinente, que:

*"El abogado deberá esforzarse, al máximo de su capacidad, en la exaltación del honor y dignidad de su profesión, aunque el así hacerlo conlleve sacrificios personales, y debe evitar hasta la apariencia de conducta profesional impropia."*

Se estila con meridiana claridad que el Canon 21 le impone al abogado el deber de evitar tres situaciones básicas: 1. Aceptar la representación legal cuando a su juicio la misma pueda verse afectada por sus expectativas personales; 2. Aceptar la representación legal simultánea de dos clientes distintos con intereses contrapuestos; y 3. Aceptar la representación de un cliente en asuntos que puedan afectar cualquier interés de un cliente anterior. *Otaño Cuevas v. Velez Santiago,* 141 D.P.R. ___ (1996), **96 J.T.S. 142**, op. de 30 de julio de 1996; *In re: Toro Cubergé*, 140 D.P.R., ___ (1996), **90 J.T. 48,** 42, op. de 2 de abril de 1996.

Este canon prohibe el conflicto dimanante de representar intereses encontrados o incompatibles. A todo abogado le acompaña la obligación de evitar tanto en la realidad como en la apariencia la impresión de conducta conflictiva. *In re: Pizarro Santiago,* 117 D.P.R. 197 (1986). En el citado caso el Tribunal Supremo expresó que *"... considerando que la posición asumida por el querellado Pizarro Santiago fue producto de un error de juicio*

*en cuanto a la regularidad del Junior Subordinated Note y no al resultado (lo de mala fe), limitaremos nuestro decreto a una amonestación, apercibiéndole de la obligación que continuamente acompaña a todo abogado de evitar, tanto en la realidad como en la apariencia, la impresión de conducta conflictiva".* In re: Rubén Félix, 111 D.P.R. 671, 674 (1981); In re: Maldonado Soto, 110 D.P.R. 742, 753 (1981).

Aun cuando el conflicto resulte potencial, si la controversia está sustancialmente relacionada a la de otro cliente actual o anterior, el abogado debe renunciar a ambas representaciones. *Liquilux Gas Corp. v. Humberto Berríos*, 138 D.P.R. ___ (1995), **95 J.T.S.92**, op. de 30 de junio de 1995.

El abogado debe ser escrupuloso en la obediencia de las normas de conducta que rigen la profesión. En el descargo de sus responsabilidades profesionales, debe de que sus actuaciones no den margen a la más leve sospecha de que defiende intereses encontrados con los de su cliente. *In re: Roldán González,* 113 D.P.R. 238 (1982). Añade el Tribunal que, en esos casos, es deber del abogado desligarse cuanto antes de la representación profesional que ostenta.

Dentro de los conflictos de intereses reconocidos por el Tribunal Supremo, existe el de la representación sucesiva de clientes con intereses adversos. Esta situación presenta el peligro especial de que el abogado viole el principio de confiabilidad. La reserva del secreto es uno de los más sagrados del abogado, quien viene obligado a cumplirlo, no sólo por mandato de ley, sino por dictados ineludibles de la conciencia. *In re: Guzmán,* 80 D.P.R. 713 (1925).

Considerando los aspectos de la representación sucesiva, se ha elaborado el criterio de la *"relación sustancial".* En *In re: Carreras Rovira v. Suárez Zayas,* 115 D.P.R. 772 (1984), se explicó que bajo esta fórmula el cliente sólo tiene que demostrar que la controversia legal envuelta en el pleito en la que el abogado comparece en su contra, estaba relacionada sustancialmente con la materia o causa de acción en la que tal abogado previamente le representó. El cliente no tiene que probar una violación actual al principio de confiabilidad. Solo se requiere una relación previa abogado-cliente, y que tal representación resulte adversa y sustancialmente relacionada con la anterior. En esencia, exista una presunción irrefutable de que la información confidencial será utilizada por el abogado que representó a un cliente y ahora asume una posición contraria a éstos.

En una situación donde se planteó la posibilidad de descalificación de un abogado por conflicto de intereses, cualquier duda deber ser adjudicada a favor de la descalificación. *Id.* Un abogado no puede aducir como justificación, para salvar un conflicto de intereses, que no habrá de utilizar las confidencias o secretos de un cliente en perjuicio de éste. *Id.* Su lealtad se extiende aún después de cesar su representación legal. Se ha resuelto que cuando existe la posibilidad de que se utilicen las confidencias o secretos de un cliente en perjuicio de éste, el abogado no puede obviar la descalificación aduciendo que no las habrá de utilizar. *In re: Concepción Suárez,* 111 D.P.R. 126, 491(1921). En estos casos, el perjuicio, tanto para los intereses del cliente, como para la imagen de la justicia, resulta obvio. La lealtad para con un cliente en relación con los asuntos que éste le haya consultado o encargado su representación es indivisible y continúa aún después de cesar las relaciones de abogado cliente entre ellos. *In re: Carreras y Suárez Zayas, supra.* Véase, *Federación de Pescadores de Playa Picúas, Inc. v. U.S. Industries, Inc.,* 135 D.P.R. ___ (1994), **94 J.T.S. 26,** op. de 14 de marzo 1994.

En nuestro ordenamiento jurídico, la autonomía del cliente no se extiende al punto de permitirle mediante la manifestación de su consentimiento voluntario e informado, la representación legal cuando existe alguna posibilidad del conflicto de interés. *"Condonar la conducta del abogado bajo la tesis de que su cliente le mantiene confianza es simplemente renunciar y entregar la jurisdicción disciplinaria de este foro a criterios individuales, sabios o no, sacrificando intereses públicos de alta calidad".* In re: Rubén Félix, 111 D.P.R. 671, 674 (1921).

Nos resulta impermisible, desde el punto de vista de la ética profesional, que el licenciado Bonilla Rodríguez continúe representando a las co-demandadas, Nereida López Soto y Carmen Zulma López Soto.

Primeramente, el licenciado Bonilla Rodríguez fungió como representante legal de Nereida López Soto en un caso de filiación contra el causante Justo López Echeandía. Luego asume la representación legal de Carmen Zulma López Soto contra la sucesión de éste a Lydia López Vera, Francisco López Vera y Nereida López Soto (miembros de la sucesión de don Justo López Echeandía) en un pleito sobre Impugnación de Testamento y Partición de Herencia. Entendemos que el cuadro ante nos establece claramente un caso de representación sucesiva y conflicto de intereses.

No empece a que el Tribunal Supremo en su momento ordenó al licenciado Bonilla renunciar a tal representación legal a tenor con los cánones de ética profesional, ya se había constituido una relación abogado-cliente entre éste y miembros de la sucesión. A pesar de ello, el abogado en el caso de autos pretende representar a dos de las co-demandadas. Estas no sólo han sido parte de los mismos hechos y aspectos de derechos que se han venido ventilando, sino que son las mismas personas que fueron demandadas por el licenciado Bonilla por violación de contrato y cobro de dinero.

El licenciado Bonilla pretende justificar la alegada ausencia de un conflicto con el desistimiento de la demanda contra las co-demandadas. Aún cuando la demanda en cobro de dinero fue desistida con perjuicio por el licenciado Bonilla, nos parece patentemente obvia la existencia de un conflicto real. Primeramente, las controversias atendidas en los múltiples procedimientos están sustancialmente relacionadas entre sí. Además, dichas controversias están relacionadas a todas las personas que el licenciado Bonilla ha representado, ha demandado y en las cuales las sucesiones se han visto involucradas. Aun cuando las cuestiones a resolver en los diversos pleitos no estuviesen relacionadas entro sí, el hecho de representar a una parte que ha sido demandada por el mismo abogado que ahora pretende la representación, ilustra perfectamente la apariencia de un conflicto de interés.

Permitir la representación legal a base del argumento de que las co-demandadas ejercieron su derecho a escoger de manera libre y voluntaria la representación del licenciado Bonilla, y que éstas le reiteraron su confianza, es ir en contra de la doctrina establecida por el Tribunal Supremo. Véase, *In re: Rubén Félix, supra.*

Por los fundamentos que anteceden, se expide el auto y se revoca la resolución recurrida. Se ordena la descalificación del licenciado Bonilla Rodríguez.

Lo acordó el Tribunal y lo certifica la Secretaria General.

Aida Ileana Oquendo Graulau
Secretaria General