EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| In re: | |
|---|---|
| | 2007 TSPR 148 |
| Lcdo. Antonio Bauzá Torres | 172 DPR ____ |

Número del Caso: CP-2005-22

Fecha: 31 de julio de 2007

Oficina del Procurador General:

> Lcda. Noemí Rivera De León
> Procuradora General Auxiliar
>
> Lcda. Zaira Z. Girón Anadón
> Procuradora General Auxiliar

Abogado de la Parte Querellada:

> Lcdo. René Arrillaga Beléndez

Materia: Conducta Profesional

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

Lcdo. Antonio Bauzá Torres          CP-2005-22

PER CURIAM

San Juan, Puerto Rico a 31 de julio de 2007.

El licenciado Antonio Bauzá Torres, en adelante licenciado Bauzá Torres, fue admitido al ejercicio de la abogacía el 5 de marzo de 1963 y al ejercicio del notariado el 21 de mayo de 1963.

El 14 de julio de 2004, el Honorable Eddie A. Ríos Benítez, Juez Superior del Tribunal de Primera Instancia, Sala Superior de San Juan, en adelante el Tribunal de Primera Instancia, remitió ante nuestra consideración el expediente de un caso del cual se desprende una aparente infracción a los Cánones de Ética Profesional de parte del licenciado Bauzá Torres.

El 4 de octubre de 2001, la señora Gloria Pagán Delgado, en adelante señora Págan Delgado ó demandante, representada por el licenciado Bauzá Torres, presentó una demanda contra los señores Tomás Crespo, Samuel Crespo, Orlando Crespo, Jaime Crespo y la señora María Tirado, en conjunto los co-demandados.[1] Alegó, entre otras cosas, que la señora Pagán Delgado convivió con el fenecido padre de los co-demandados, señor Tomás Crespo; que durante esa convivencia ella contribuyó a la realización de mejoras en la propiedad del causante de los demandados y solicitó que se reconociera una participación en el caudal relicto del señor Tomás Crespo y que se dividiera la comunidad entre ésta y los herederos del causante.

El caso continuó con los trámites ordinarios, asumiendo la representación de los co-demandados, el licenciado Francisco Radinson Pérez, en adelante licenciado Radinson Pérez. Las partes sometieron contestación a la demanda, reconvención, contestación a la reconvención, interrogatorios, contestaciones a éstos y se anunció toma de deposición a la parte demandante.

El 28 de octubre de 2002, se solicitó la desestimación de la demanda presentada contra el señor Samuel Crespo Pérez, en adelante señor Crespo Pérez y el señor Tomás Crespo Tirado, en adelante señor Crespo Tirado, ya que no fueron emplazados, conforme lo dispuesto en la Regla 4.3 de las de Procedimiento Civil.[2] Adujeron que había transcurrido un término de un (1) año con veinticuatro (24) días sin que se hiciera gestión para emplazarlos.

---

[1] Gloria Pagán Delgado v. Tomás Crespo y otros, Civil Número KAC-01-6759 (506).

[2] 32 L.P.R.A. Ap. III R.4.3

El 13 de noviembre de 2002, el señor Crespo Pérez, presentó ante el Tribunal de Primera Instancia un escrito, suscrito por el licenciado Bauzá Torres. En dicho escrito, el licenciado Bauzá Torres afirmó que el señor Crespo Pérez solicitó que lo representara. Presentó, además, una contestación a la demanda y demanda contra co-parte, alegaciones responsivas que quedaron suscritas y firmadas por el licenciado Bauzá Torres, abogado de la demandante, señora Pagán Delgado.

La contestación a la demanda expresó, entre otras cosas, que el señor Crespo Pérez, daba por ciertas las alegaciones de la demanda original y reconocía que la señora Pagán Delgado aportó con su trabajo al negocio del señor Samuel Crespo padre.

La señora Pagán Delgado, representada por el licenciado Bauzá Torres, se opuso a la desestimación solicitada el 28 de octubre de 2002. Alegó que el señor Crespo Pérez había solicitado al licenciado Bauzá Torres que lo representara. Incluyó, además, Contestación a la Demanda y Demanda contra co-parte; suscritas y firmadas por el licenciado Bauzá Torres.

El Tribunal de Primera Instancia resolvió, *inter alia*, que el licenciado Bauzá Torres debía replicar a lo siguiente: "(S)i usted es abogado del demandante, ¿Cómo va a representar a Don Samuel, co-demandado?".

El 27 de noviembre de 2002, el licenciado Radinson Pérez presentó una solicitud ante el foro primario para que se descalificara al licenciado Bauzá Torres por violación a los cánones de ética 8, 21, 28 y 35, ello con motivo de la comparecencia de éste ante ese foro en representación del co-demandado señor Samuel Crespo Pérez.

El 12 de diciembre de 2002, el Tribunal de Primera Instancia dictó sentencia parcial respecto al señor Crespo Tirado y el señor Crespo Pérez, desestimando con perjuicio, la demanda respecto a éstos, por no haber sido emplazados dentro del término de seis (6) meses que dispone la Regla 4.3 de las Reglas de Procedimiento Civil y por no haber realizado la señora Pagán Delgado gestión alguna para emplazarlos.

El 4 de febrero de 2003 el licenciado Bauzá Torres, en representación de la demandante, señora Pagán Delgado, presentó escrito titulado, *"Moción de Reconsideración y/o Moción Solicitando Se Deje Sin Efecto y/o Se Enmiende la Misma y Moción Solicitando se Permita Desistir Sin Perjuicio"*. En ella alegó, entre otras cosas, que: "Lo único que podría impedir a este abogado representar a ambos es que existiese o pudiera existir un conflicto de intereses entre ambas partes, lo que no ocurre." Solicitó, además, que se le permitiera a la señora Págan Delgado desistir sin perjuicio del pleito y que se le diera la oportunidad al señor Crespo Pérez de hacer valer sus derechos, y de entenderse que pudiera haber un conflicto de interés, permitir que obtuviera nueva representación legal. En cuanto al señor Crespo Tirado, solicitó que la desestimación de la demanda se decretara sin perjuicio para que la señora Pagán Delgado, en su día, pudiera hacer valer sus derechos.

El 13 de febrero de 2003, los co-demandados se opusieron a la moción del licenciado Bauzá Torres solicitando que se permitiera desistir sin perjuicio. Solicitaron, además, que el expediente del caso se remitiera al Procurador General. Luego, los co-demandados presentaron una moción para que, en caso de que se decretara la

desestimación sin perjuicio, se impusiera el pago del costo de la deposición y el pago de honorarios de abogado.

El 13 de febrero de 2003, el señor Crespo Pérez envió una carta al licenciado Bauzá Torres donde le señaló que nunca lo autorizó a representarlo en los tribunales de Puerto Rico.

El 28 de febrero de 2003, el licenciado Bauzá Torres presentó un escrito titulado, *"Moción en Oposición y Renuncia de Representación Legal"*. Alegó, entre otras cosas, que no existía conflicto de interés entre el señor Crespo Pérez y la señora Pagán Delgado, sin embargo, para poner término a la controversia le solicitó al Tribunal de Primera Instancia que aceptara su renuncia a seguir representando al señor Crespo Pérez.

Posteriormente, el licenciado Bauzá Torres sometió una serie de documentos al Tribunal de Primera Instancia que alegadamente sugerían contacto directo de la oficina de éste con el señor Crespo Pérez.

El 23 de febrero de 2004, el foro de primera instancia dictó *"Sentencia de Archivo por Desistimiento sin Perjuicio"*, donde le impuso a la señora Pagán Delgado el pago de honorarios por un total de $2,200 dólares, que fueron consignados en el Tribunal de Primera Instancia el 20 de abril de 2004.

El 17 de marzo de 2004, los co-demandados le informaron al Tribunal que no le interesaba que se elevaran los autos del caso de epígrafe ante el Procurador General.

El 14 de julio de 2004, el Tribunal de Primera Instancia emitió *Resolución*, remitiendo el caso ante nuestra consideración. Indicó lo siguiente:

> "… ante el hecho indubitable que este Tribunal se percató personalmente del acto aparentemente dudoso (aún antes de que fuera traído a la atención del Tribunal

por la demandada), el Tribunal está irremediablemente obligado, por imperativo ético y deber ministerial, a referirlo ante la consideración del Tribunal Supremo (pues es a dicho Tribunal al que le corresponde adjudicar si existe o no violación ética), no empece a la falta ya de interés de la parte demandada/promovente y al juicio particular que este Tribunal pueda tener de los hechos que motivan este referido, a base de las circunstancias de su ocurrencia."

Señaló, además, ese Tribunal, que se remitió el caso ante este Tribunal, porque el licenciado Bauzá Torres nunca contestó la interrogante sobre el aparente conflicto de intereses creado al representar a la parte demandante y a uno de los co-demandados.

El 9 de agosto de 2004, el licenciado Bauzá Torres presentó una moción de reconsideración ante el foro de primera instancia, en la que señaló, entre otras cosas, que sí hubo una contratación de índole verbal entre él y el señor Crespo Pérez. Alegó, además, que sus actuaciones fueron de buena fe porque entendía que no existía conflicto de intereses entre la posición de la señora Pagán Delgado y el señor Crespo Pérez. Indicó, además, que tampoco hubo divulgación de información relativa a las posiciones de la señora Pagán Delgado y del señor Crespo Pérez que pudiese perjudicar los intereses individuales de éstos.

El 30 de agosto de 2004, el Tribunal de Primera Instancia emitió resolución y orden indicando lo siguiente:

"De haberse presentado este escrito cuando se requirió, quizá el Tribunal hubiese quedado satisfecho con la explicación de lo ocurrido dentro del contexto de los hechos. Empero, el asunto ya no está en el ámbito de la autoridad del Tribunal de Primera Instancia."

El 24 de noviembre de 2004, este Tribunal notificó resolución ordenando a la Secretaría del Tribunal de Primera

Instancia a remitir copia del expediente <u>Gloria Pagán Delgado v. Tomás Crespo y otros</u>, Civil Número KAC-01-6759 (506) al Procurador General para evaluación e informe.

El 28 de marzo de 2005, el Procurador General rindió un informe donde concluyó que el licenciado Bauzá Torres incurrió en posibles violaciones a los Cánones 21 y 38 del Código de Ética Profesional. El Informe sostuvo que no había duda alguna que el licenciado Bauzá Torres, siendo el representante legal de la demandante, señora Pagán Delgado, aceptó ser y compareció ante los tribunales como el representante legal de uno de los codemandados. El Informe, indicó además, lo siguiente:

> "Con su postura, el querellado incurrió en un evidente conflicto de interés en tanto su deber era abogar (en beneficio de la demandante) por aquello a que debía oponerse (en beneficio de los co-demandados). En otras palabras, el querellado asumió la representación legal del co-demandado, siendo éste el representante legal de la demandante. No obstante lo anterior, el querellado alegó que 'al renunciar este abogado a la representación legal de Don Samuel y el Tribunal aceptar dicha renuncia, cualquier impresión de conflicto de intereses dejó de existir'. Entendemos que el hecho de haber renunciado a la representación legal de Don Samuel Crespo no elimina la posible violación ética en la que incurrió el querellado, ya que el hecho de que ya no exista el conflicto de interés no significa que no lo hubo anteriormente. El querellado además justificó su acción expresando que según las comunicaciones que tuvo con Don Samuel, él entendía que no había conflicto entre la posición de Don Samuel y Doña Gloria. El que el querellado entendiera que no había conflicto entre la posición de la demandada y el co-demandado no justifica su actuación; eso era un asunto que debía resolver precisamente el Tribunal de Instancia, a base de la prueba presentada por un abogado que estuviera libre de conflictos."
>
> …
>
> "En la queja de autos el querellado aceptó la representación legal de uno de los co-demandados mientras era abogado de la demandante. En el momento en que aceptó dicha representación legal, la controversia

en torno a los planteamientos hechos en la demanda estaba ante el tribunal y no había sido resuelta. Obviamente la convicción personal del querellado en torno a la no existencia de conflicto entre las posiciones de Don Samuel y Doña Gloria, no lo exonera de la posible violación al Cánon 21 de ética profesional. Por el contrario, sólo evidencia la necesidad de que todo cliente ostente una representación legal libre de conflicto que pueda velar por sus intereses. En vista de lo anterior, concluimos que el querellado incurrió en posible violación al Canon 21 de Ética Profesional."

…

"En la queja de autos, el hecho del querellado haber comparecido en representación de la parte demandante y luego de comparecer en representación de uno de los co-demandados claramente aparenta una conducta impropia de parte del querellado."

El 21 de abril de 2005, el licenciado Bauzá Torres presentó ante este Tribunal una réplica al informe presentado por el Procurador General el 28 de marzo de 2005. Alegó, entre otras cosas, que al momento de acudir al foro de primera instancia había sido informado por el señor Crespo Pérez que le interesaba liquidar la sucesión y le reconocía el derecho de la señora Pagán Delgado a reclamar de ésta. Señaló, además, que de buena fe entendía que no existían intereses encontrados entre la señora Pagán Delgado y el señor Crespo Pérez y que tan pronto surgió la duda en relación al posible conflicto de intereses, él renunció a la representación legal del señor Crespo Pérez. Indicó, además, que solicitó el desistimiento sin perjuicio de la reclamación de la señora Pagán Delgado a los fines de preservar su causa de acción. Alegó que sus actuaciones nunca perjudicaron a ninguna de las partes y que desde el 5 de marzo de 1963, día de su juramento como abogado, ha tratado y se ha esforzado en mantener una conducta intachable.

Mediante resolución del 5 de agosto de 2005, notificada el 9 de agosto de 2005, este Tribunal ordenó al Procurador General la formulación de querella.

El 17 de noviembre de 2005, el Procurador General formuló querella contra el licenciado Bauzá Torres. Le imputó los cargos siguientes:

## PRIMER CARGO

El licenciado Bauzá Torres incurrió en conducta profesional en violación al Canon 21 de los de Ética Profesional, 4 L.P.R.A. Ap. IX, C.21, el cual dispone, entre otras cosas, que no es propio de un profesional el representar intereses encontrados.

## SEGUNDO CARGO

El licenciado Antonio Bauzá Torres incurrió en conducta profesional en violación al Canon 38 de los de Ética Profesional, 4 L.P.R.A. Ap. IX, C.38, el cual dispone, entre otras cosas, que el abogado deberá esforzarse, al máximo de su capacidad, en la exaltación del honor y dignidad de su profesión, aunque el así hacerlo conlleve sacrificios personales, y debe evitar hasta la apariencia de conducta profesional impropia. Además, por razón de la confianza en él depositada como miembro de la ilustre profesión legal, todo abogado, tanto en su vida privada como en el desempeño de su profesión, debe conducirse en forma digna y honorable.

El 9 de febrero de 2006, el licenciado Bauzá Torres presentó un escrito titulado *"Contestación a la Querella"*. Arguyó, entre otras cosas, que el señor Crespo Pérez se comunicó con él para indicarle que la señora Pagan Delgado tenía derecho a reclamar sobre el caudal de su padre. Expresó, que en ese momento, entendió de buena fe que los intereses de la señora Pagán Delgado y el señor Crespo Pérez eran idénticos y que tan pronto surgieron diferencias entre él y el señor Crespo Pérez, renunció a seguir representándolo. Indicó, además, que solicitó se le permitiese a la señora Pagán Delgado desistir de la demanda sin perjuicio y que nunca hubo divulgación de información

relativa a las posiciones de la señora Pagán Delgado y el señor Crespo Pérez. Alegó, además, que durante el tiempo que se ha desempeñado en la práctica de abogado siempre ha observado una conducta intachable permitiéndole gozar de buena reputación en la comunidad jurídica. Admitió, sin embargo, que pudo haber cometido un error de juicio de buena fe sin intención de perjudicar a ninguna de las partes.

El 26 de julio de 2006, designamos como Comisionada Especial a la Honorable Crisanta González Seda, ex-Juez Superior del Tribunal de Primera Instancia, en adelante Comisionada Especial, para recibir y evaluar la prueba a ser presentada por las partes. La Comisionada Especial señaló conferencia con antelación a la vista para el 13 de septiembre de 2006.

El 11 de septiembre de 2006, el Procurador General y la representación legal del licenciado Bauzá Torres presentaron un informe sobre la conferencia entre abogados, donde se informó la prueba testifical y documental que iba a ser presentada.

El 13 de septiembre de 2006, se celebró la conferencia con antelación a la vista en su fondo. Se estipuló la celebración de la vista en su fondo para el día 6 de noviembre de 2006.

El 6 de noviembre de 2006, se celebró la vista en su fondo. Sin embargo, a la misma, no compareció ni el licenciado Bauzá Torres, ni su abogado. Tampoco se recibió moción, ni comunicación alguna, para justificar tal incomparecencia. La Comisionada Especial admitió la prueba presentada por el Procurador General y dio por sometido su caso. Además, expidió una *Orden* al licenciado Bauzá Torres para mostrar causa por la cual no debía encontrársele incurso en desacato por no haber comparecido, ni haber justificado

dicha incomparecencia, habiendo sido debidamente notificado a través de su abogado, apercibiéndole que de no comparecer a una segunda vista el 5 de diciembre de 2006 y no existir causa que lo justificara, se entendería que el licenciado Bauzá Torres renunció a la presentación de evidencia y daría por sometido su caso. Dicha *Orden* fue notificada el 10 de noviembre de 2006.

El 16 de noviembre de 2006, la representación legal del licenciado Bauzá Torres presentó una moción en donde se indicó, entre otras cosas, que por error no se apuntó en el calendario la fecha de la vista celebrada el 6 de noviembre de 2006.

Después de celebrada la vista en su fondo el 5 de diciembre de 2006, la Comisionada Especial rindió su informe el 29 de enero de 2007. Al formular sus determinaciones de hechos, la Comisionada Especial evaluó la prueba presentada, las estipulaciones de las partes, los documentos presentados en evidencia, la querella, la contestación a la misma y los pronunciamientos judiciales relacionados con los hechos que dieron lugar a la formulación de la querella por el Procurador General.

## II

Pasemos a evaluar, como cuestión de umbral, lo que contempla y dispone el Canon 21 de Ética Profesional, en adelante Canon 21.[3]

El canon 21 dispone lo siguiente:

> "El abogado tiene para con su cliente un deber de lealtad completa. Este deber incluye la obligación de divulgar al cliente todas las circunstancias de sus relaciones con las partes y con terceras personas, y cualquier interés en la

---

[3] 4 L.P.R.A. Ap. IX, C. 21.

controversia que pudiera influir en el cliente al seleccionar su consejero."

…

"No es propio de un profesional el representar intereses encontrados. **Dentro del significado de esta regla, un abogado representa intereses encontrados cuando, en beneficio de un cliente, es su deber abogar por aquello a que debe oponerse en cumplimiento de sus obligaciones para con otros cliente.**

La obligación de representar al cliente con fidelidad incluye la de no divulgar sus secretos o confidencias y la de adoptar medidas adecuadas para evitar su divulgación. Un abogado no debe aceptar la representación de un cliente en asuntos que puedan afectar adversamente cualquier interés de otro cliente anterior ni servir como árbitro, especialmente cuando el cliente anterior le ha hecho confidencias que puedan afectar a uno u otro cliente, aun cuando ambos clientes así lo aprueban."[4](Énfasis Suplido)

El conflicto de intereses dispuesto por el Canon 21 presenta tres situaciones que deben ser evitadas por todo abogado: (1) que en beneficio de un cliente se abogue por aquello a lo que el letrado debe oponerse en cumplimiento de sus obligaciones para con otro cliente; (2) que un abogado acepte la representación de un cliente en asuntos que puedan afectar adversamente cualquier interés de un cliente anterior; (3) y que un abogado acepte una representación legal, o que continúe en ella, cuando su juicio profesional pueda ser afectado por sus intereses personales.[5]

Dicha norma ética pretende evitar una conducta profesional que mine el principio cardinal de confianza que fundamenta toda relación fiduciaria entre el abogado y su

---

[4] Íd.

[5] In re: Avilés Cordero, Tosado Arocho, 157 D.P.R. 867, 882 (2002); In re: Sepúlveda Girón, 155 D.P.R. 345, 355 (2001). Véase además In re: Toro Cubergé, 140 D.P.R. 523 (1996).

cliente.[6]  La relación abogado-cliente se funda en el deber de lealtad y de confidencialidad de todo abogado para con su cliente. Su relación es una de naturaleza fiduciaria y está fundada en la honradez absoluta.[7]  El abogado tiene la obligación de representar a su cliente con total lealtad, ejercer un criterio profesional independiente y desligado de sus propios intereses, no divulgar los secretos y confidencias que el cliente haya compartido durante el transcurso de sus representaciones pasadas y presentes.[8]

Los abogados no sólo deben evitar el conflicto de intereses actual, sino también el potencial.[9]  Basta con que el conflicto sea uno potencial, para imponer al abogado la obligación de renunciar a la representación del cliente afectado.[10]  La situación no varía por el hecho de que alguien crea que dicha posibilidad es, o no, altamente especulativa.[11]  "Por lo tanto, es éticamente insostenible que un abogado ostente la representación simultánea o sucesiva de partes con potencial conflicto de intereses o con intereses encontrados."[12] (Énfasis Suplido)

---

[6] In re: Avilés Cordero, Tosado Arocho, supra.

[7] In re: Dennis Vélez Barlucea, 152 D.P.R. 298, 309 (2000); In re: Belén Trujillo, 126 D.P.R. 743, 754-755 (1990); In re: Pereira Esteves, 131 D.P.R. 515 (1992); In re: Rivera Carmona, 114 D.P.R. 390 (1983).

[8] In re: Dennis Vélez Barlucea, supra; Liquilux Gas Corp v. Berríos, Zaragoza, 138 D.P.R. 850, 857-858 (1995); Robles Sanabria, Ex parte, 133 D.P.R. 739 (1993).

[9] In re: Angel S. Bonilla Rodríguez, 154 D.P.R. 684, 694 (2001).

[10] Íd.

[11] Íd.; Fed. Pesc. Playa Picúas v. U.S. Inds., Inc., 135 D.P.R. 303, 319 (1994).

[12] In re: Angel S. Bonilla Rodríguez, supra.

Todo abogado debe cerciorarse de que no represente intereses encontrados o incompatibles entre sí.[13] El abogado tiene que cuidarse de que sus actuaciones no den margen a la más leve sospecha de que promueve o defiende intereses encontrados con los de su cliente.[14] En caso de que surja esa sospecha, es deber del abogado desligarse de la representación profesional que ostenta.[15] "De este modo, se garantiza la más completa independencia de su juicio por parte de los abogados al desempeñar sus funciones profesionales y se evita que se erosione la confianza pública en las instituciones de justicia."[16]

### III

El Canon 38 de los Ética Profesional dispone lo siguiente:

> "El abogado deberá esforzarse, al máximo de su capacidad, en la exaltación del honor y dignidad de su profesión, aunque el así hacerlo conlleve sacrificios personales y debe evitar hasta la apariencia de conducta profesional impropia."[17]

En numerosas ocasiones hemos recalcado que el abogado tiene la obligación de evitar la apariencia de impropiedad en el desempeño de sus labores profesionales.[18] Es obligación de todo abogado evitar la más mínima apariencia de impropiedad; esto es, en caso de duda sobre la posibilidad

---

[13] Íd.

[14] In re: Roldán González, 113 D.P.R. 238, 242-243 (1982).

[15] Íd.

[16] In re: Palou Bosch, 148 D.P.R. 717, 725 (1999).

[17] 4 L.P.R.A. Ap. IX, C. 38.

[18] In Re: Toro Cubergé, supra; In re: Colón Ramery, 133 D.P.R. 555 (1993); In re: Valentín González, 115 D.P.R. 68; In re: Rojas Lugo, 114 D.P.R. 687 (1983).

de un conflicto de intereses, el abogado deberá renunciar a la representación legal del cliente o afectado o potencialmente afectado.[19] El abogado tiene que ser escrupuloso en el cumplimiento de las normas de ética profesional, y debe cuidarse que sus actuaciones no de margen a la más leve sospecha de impropiedad.[20] Por ende, "la apariencia de impropiedad será utilizada [para resolver cualesquiera dudas que surjan sobre posible conflicto de intereses], a favor de la descalificación."[21]

IV

Pasemos a considerar las recomendaciones de la Comisionada Especial a los efectos de determinar si el licenciado Bauzá Torres representó intereses encontrados y en consecuencia, infringió los cánones 21 y 38 de Ética Profesional, los que obligan a todos los miembros de la profesión jurídica en Puerto Rico.

Celebrada la vista en su fondo, luego de evaluar la prueba testifical y documental presentada por las partes, la Comisionada Especial rindió su informe. <u>Concluyó que el licenciado Bauzá Torres incurrió en un potencial conflicto de intereses</u>. Determinó, que se observó la apariencia de conducta profesional impropia ya que la evidencia demostró que el licenciado Bauzá Torres incurrió en la conducta que imputó el Procurador General.

Expuso además, lo siguiente:

"No obstante lo anterior, la Procuradora General Auxiliar estipuló la buena

_____

[19] <u>In re: Angel Bonilla Rodríguez</u>, supra.

[20] Íd.

[21] Íd.; <u>Meléndez v. Caribbean Intl. News</u>, 151 D.P.R. 649 (2000). Véase además, <u>Liquilux Gas Corp. v. Berríos</u>, supra.

reputación del querellado, lo que se ha considerado por el Honorable Tribunal Supremo, como atenuante. De igual forma, el hecho de que ésta es su primera querella, en los cuarenta y cuatro años que ha ejercitado esta profesión y la notaría, que no hubo cobro de honorarios y el querellado pagó los honorarios de la parte demandada. También, el hecho de que ninguna de las partes expresó que hubieran resultado perjudicadas económicamente por los hechos de esta querella.

De mucha importancia, a nuestro juicio, resultan las expresiones del abogado en su testimonio ante esta Comisionada, a efecto de que se encuentra arrepentido, que reconoce que hubo un error de juicio en sus actos, aunque sus actuaciones fueron de buena fe y sin ánimo de perjudicar a nadie, que tanto él como su familia se han visto afectados por esta situación y que de presentarse una situación similar, no repetiría su actuación en este caso."

En In re: Ayala Oquendo, 2005 T.S.P.R. 201 (2005) en referencia a la función de la Comisionada Especial, este Tribunal expresó lo siguiente:

"Es responsabilidad del Comisionado Especial, designado por este Tribunal en un caso disciplinario, atender las querellas presentadas por el Procurador General contra un abogado, así como recibir la prueba, evaluar y dirimir los conflictos de prueba. Este funcionario ocupa el rol de juzgador de primera instancia, por lo que está en mejor posición de aquilatar la prueba testifical presentada. Sus determinaciones de hechos, basadas en prueba testimonial merecen nuestra mayor deferencia. Cuando las mismas están sostenidas por la evidencia que obra en nuestro expediente, no habremos de intervenir, en ausencia de una demostración de pasión, prejuicio, parcialidad o manifiesto error en la apreciación de la prueba."(Citas Omitidas)

No hemos encontrado nada en el expediente que justifique que intervengamos con las determinaciones de hechos formuladas por la Comisionada Especial. Las mismas se encuentran apoyadas en la evidencia presentada y

admitida.  Concluimos que la presunción sobre su corrección no ha sido rebatida.

Coincidimos con la determinación fáctica de la Comisionada Especial a los efectos de que el licenciado Bauzá Torres violó el Canon 21 al comparecer en representación del co-demandado, señor Crespo Pérez, cuando ya había comparecido en representación de la demandante, señora Pagán Delgado.  Es claro que el licenciado Bauzá Torres incurrió en un evidente conflicto de interés en tanto su deber era abogar (en beneficio de la demandante) por aquello a que debía oponerse (en beneficio de los co-demandados).  El que el licenciado Bauzá Torres entendiera de buena fe que no había conflicto entre la posición de la señora Pagán Delgado y el señor Crespo Pérez no justificaba su actuación, ya que eso era precisamente un asunto para que el foro de primera instancia resolviera.  En vista de lo anterior, concluimos que el licenciado Bauzá Torres incurrió en violación al Canon 21 de Ética Profesional, supra.

De igual forma coincidimos con la determinación fáctica de la Comisionada Especial a los efectos de que el licenciado Bauzá Torres violentó el Canon 38 al comparecer en representación del codemandado, señor Crespo Pérez, cuando ya había comparecido en representación de la demandante, señora Pagán Delgado.  El haber comparecido en representación de la parte demandante y luego comparecer en representación de uno de los co-demandados claramente

rebasa un aparente conflicto de intereses de parte del licenciado Bauzá Torres.

Aunque la conducta del licenciado Bauzá Torres es una altamente censurable, no podemos pasar por alto que éste nunca había sido investigado y/o sancionado previamente por actuaciones relacionadas con su desempeño como abogado o notario desde que fue admitido a la práctica y que éste goza de buena reputación en la comunidad. Cabe recordar, que ni la señora Pagán Delgado, ni el señor Crespo Pérez se han querellado de haber sufrido perjuicio alguno como consecuencia de los hechos relacionados a este caso. El licenciado Bauzá Torres realizó actos dirigidos a tomar medidas protectoras para evitar que las partes sufrieran daños, inclusive, pagó el monto de los honorarios de abogado impuestos a su cliente, la señora Pagán Delgado. Tampoco cobró honorarios por sus servicios y además obtuvo el permiso para desistir de la demanda sin perjuicio, para que su cliente pudiera hacer una nueva reclamación en el futuro. Es de notar, que el licenciado Bauzá Torres mostró arrepentimiento por los hechos y su convicción y compromiso de que no los repetiría, de surgir una situación similar.

V

En mérito de lo antes expuesto, procede censurar severamente al licenciado Bauzá Torres. Apercibimos al licenciado Bauzá Torres para que, en el futuro, ejerza mayor cautela al evaluar las situaciones que pudieran generar un conflicto de intereses o, en la alternativa, que pudieran reflejar una apariencia de impropiedad.

Apercibimos, además, al licenciado Bauzá Torres de que en el futuro procure el cabal cumplimiento a los Cánones de Ética Profesional que rigen la profesión togada.

Se dictará Sentencia de conformidad.

Apercibimos, además, al licenciado Bauzá Torres de que en el futuro procure el cabal cumplimiento a los Cánones de Ética Profesional que rigen la profesión togada.

Se dictará Sentencia de conformidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

                                    CP-2005-22

Lcdo. Antonio Bauzá Torres


                        SENTENCIA


San Juan, Puerto Rico, a 31 de julio de 2007

Por los fundamentos expuestos en la Opinión *Per Curiam* que antecede, la cual se hace formar parte íntegra de la presente, se dicta Sentencia censurando enérgicamente al licenciado Antonio Bauzá Torres por la conducta incurrida en el presente caso, apercibiéndole contra futuras infracciones de los Cánones de Ética Profesional.

Lo acordó el Tribunal y certifica la Secretaria del Tribunal Supremo. El Juez Asociado señor Fuster Berlingeri concurre con el resultado sin opinión escrita.


              Aida Ileana Oquendo Graulau
              Secretaria del Tribunal Supremo