EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| Ex parte: <br><br> Arturo Pérez Guerrero | 2019 TSPR 1 <br><br> 201 DPR ____ |

Número del Caso:  TS-11,477

Fecha: 1 de noviembre de 2018

Oficina del Procurador General:

       Lcda. Rosa Elena Pérez Agosto
       Procuradora General Auxiliar

 Abogados del Promovido:

       Lcdo. Mario Rodríguez Torres
       Lcdo. Guillermo Figueroa Prieto

Materia:  Conducta Profesional – La suspensión será efectiva una vez advenga final y firme la Sentencia conforme la Regla 45 del Reglamento del Tribunal Supremo sobre reconsideración.

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

*In re:*

Arturo Pérez Guerrero                    TS-11,477

PER CURIAM

En San Juan, Puerto Rico, a 1 de noviembre de 2018.

Una vez más nos vemos obligados a suspender a un miembro de la profesión legal, en esta ocasión, por la infracción a varios Cánones de Ética Profesional, a saber: Canon 9 (Conducta del abogado ante los tribunales), Canon 12 (Puntualidad y tramitación de las causas), Canon 17 (La firma del abogado en las alegaciones), Canon 18 (Competencia del abogado y consejo al cliente), Canon 20 (Renuncia de representación legal), Canon 35 (Sinceridad y honradez) y Canon 38 (Preservación del honor y dignidad de la profesión). Veamos.

I.

El licenciado Arturo Pérez Guerrero (en adelante, "licenciado Pérez Guerrero") fue admitido al ejercicio de la abogacía el 18 de enero de 1996 y al ejercicio de la notaría el 17 de abril de 1996.[1]

El 23 de mayo de 2017 recibimos una carta del licenciado Pérez Guerrero, con fecha del 3 de febrero de 2017 en la que éste nos informó sobre cierto proceso disciplinario en su contra que se llevó a cabo ante la *United States Patent and Trademark Office* (USPTO), el cual finalizó con su suspensión del ejercicio de la abogacía ante dicho foro por un término de doce (12) meses, efectivo el 6 de enero de 2017. En la referida misiva, el letrado elaboró de forma detallada las circunstancias de su suspensión y se puso a la disposición de este Tribunal para el trámite que entendiéramos correspondiente.

Examinada la referida comunicación, el 28 de abril de 2017 emitimos una *Resolución* mediante la cual referimos la misiva del licenciado Pérez Guerrero, junto con la documentación emitida por la USPTO, a la Oficina del Procurador General, para su investigación. Así las cosas, el Procurador General sometió ante esta Curia el correspondiente *Informe* el pasado 31 de agosto de 2017.

Según se desprende del referido *Informe*, al momento de su suspensión, el licenciado Pérez Guerrero había ofrecido

---

[1] No obstante, el 1 de abril de 1997 se aprobó su baja voluntaria del ejercicio de la notaría.

a clientes latinoamericanos y españoles, por más de quince (15) años, el servicio de registro y mantenimiento de marcas federales. Éste brindaba dichos servicios mediante despachos intermediarios, sin necesidad de conocer a la entidad a favor de la cual se solicita el registro de la marca, siendo los referidos intermediarios quienes mantenían al cliente informado de las gestiones ante la USPTO.

Los hechos particulares que motivaron el procedimiento disciplinario en contra del licenciado Pérez Guerrero ante la USPTO comenzaron en octubre de 2012, cuando este último presentó ante dicho organismo una solicitud para registrar la marca de papitas fritas *LAYSA*, en representación de unos clientes localizados en Colombia. La marca fue aprobada en febrero de 2013.

Tras varios trámites procesales no necesarios aquí pormenorizar, en abril de 2014, Frito-Lay presentó ante la *Trademark Trial and Appeal Board* (TTAB), el organismo apelativo de la USPTO, una solicitud de cancelación de registro de la marca *LAYSA*, alegando que ésta podía confundirse con algunas de sus marcas registradas en los Estados Unidos. Dicha solicitud fue oportunamente notificada al licenciado Pérez Guerrero.

El 30 de abril de 2014, luego de que el licenciado Pérez Guerrero le remitiera la solicitud de cancelación presentada por Frito-Lay al cliente, éste último -- a través del abogado del bufete intermediario en Colombia -- le solicitó al referido letrado un estimado de los honorarios que cobraría

por representarle en dicho procedimiento. Al no recibir respuesta, el cliente y el abogado colombiano le enviaron varios correos electrónicos al licenciado Pérez Guerrero, indicando que deseaban presentar una contestación a la petición de Frito-Lay y solicitaron nuevamente el estimado de honorarios. El abogado en cuestión tampoco respondió a dichas comunicaciones.

Posteriormente, el 19 de mayo de 2014, fecha en la cual vencía el término para presentar la contestación, el licenciado Pérez Guerrero presentó ante la TTAB una moción solicitando la renuncia a la representación legal en el caso de referencia, en la cual indicó **falsamente** que había notificado a su cliente de su intención de renunciar a su representación legal; que había entregado el expediente del caso al cliente; que el cliente había decidido contratar a otro abogado para tramitar el procedimiento de cancelación iniciado por Frito-Lay; y que su cliente necesitaba un término adicional para contratar a otro abogado. Simultáneamente, el abogado colombiano continuó comunicándose con el licenciado Pérez Guerrero solicitando el estimado de honorarios.

Evaluada la mencionada moción de renuncia a la representación legal, el 26 de junio de 2014 la TTAB declaró con lugar la misma y concedió un término de treinta (30) días para que el cliente consiguiera una nueva representación legal. Sin embargo, ese mismo día el licenciado Pérez Guerrero envió un correo electrónico al abogado colombiano,

indicándole una cantidad aproximada de honorarios que eran necesarios para comenzar el proceso.

No fue hasta el 2 de julio de 2014 que el referido letrado notificó al abogado de Colombia la nueva fecha límite para contestar la solicitud de cancelación de Frito-Lay. Ahora bien, éste omitió explicarle que el tiempo adicional concedido se debió a las manifestaciones falsamente hechas en su moción de renuncia.

En respuesta, el abogado colombiano le escribió al licenciado Pérez Guerrero informándole que el cliente había aceptado la propuesta hecha en el correo electrónico del 26 de junio de 2014 y que le había solicitado contestar la solicitud de cancelación. A pesar de recibir dicha comunicación, el abogado en cuestión nuevamente omitió informarle al cliente y a su abogado en Colombia que había solicitado la renuncia a su representación y que la misma había sido aceptada.

Así las cosas, el 28 de julio de 2014 el licenciado Pérez Guerrero presentó una moción ante la TTAB, solicitando quince (15) días adicionales para anunciar la nueva representación legal. Dicha moción fue presentada bajo el nombre y firma del abogado colombiano, falsificando su firma electrónica sin su consentimiento o conocimiento.

Meses más tarde, en agosto de 2014, para ser específicos, el licenciado Pérez Guerrero recibió dos (2) correos electrónicos del bufete en Colombia, mediante los cuales se le solicitaba copia de la contestación a la

solicitud de cancelación de registro de marca y la factura por el trabajo realizado. Por su parte, el referido letrado nunca contestó dichas comunicaciones.

En el ínterin, el 8 de septiembre de 2014 la TTAB ordenó al cliente que en un término de treinta (30) días mostrara causa por la cual no debía dictar sentencia en rebeldía en su contra. El licenciado Pérez Guerrero no fue notificado de dicha orden, toda vez que había renunciado a la representación legal. Así pues, ante la incomparecencia del cliente, el 22 de octubre de 2014 la USPTO concedió la cancelación de marca solicitada por Frito-Lay.

Luego de esto, el abogado colombiano continuó enviando múltiples comunicaciones al licenciado Pérez Guerrero, solicitándole conocer el estado de los procedimientos y la factura de honorarios, pero este último no contestó ninguna de ellas. Más adelante, en el mes de mayo de 2015, el licenciado Pérez Guerrero se reunió con el abogado colombiano y le recomendó que no presentara la contestación, pues la marca ya había sido cancelada. No obstante, el abogado de Colombia solicitó al licenciado Pérez Guerrero que presentara una nueva solicitud de la marca LAYSA. Dicha solicitud fue presentada por este último en julio de 2015.

Ahora bien, según admite el licenciado Pérez Guerrero en su comparecencia ante este Tribunal, a la fecha de la presentación de la segunda solicitud, el cliente no estaba al tanto de la misma, ni sabía de la cancelación de la marca.

Éste advino en conocimiento de ello cuando, en agosto de 2015, Frito-Lay le envió una carta de cese y desista.

Por los hechos antes mencionados, se inició el correspondiente proceso disciplinario ante la USPTO. Como mencionamos anteriormente, el referido procedimiento culminó con una orden mediante la cual la USPTO decretó la suspensión del licenciado Pérez Guerrero por un periodo de doce (12) meses -- efectivo al 6 de enero de 2017 -- y se le ordenó a completar durante dicho periodo al menos doce (12) horas de educación jurídica continua en ética, como condición para su reinstalación.

Evaluado el presente caso, la Oficina del Procurador General determinó que, si bien el licenciado Pérez Guerrero mostró arrepentimiento, el patrón de conducta exhibido por éste no fue una excepción aislada. Ello, pues, en vez de corregir la falta tan pronto se percató de la misma, el letrado optó por intentar cubrirla y mantener el engaño a las partes y al foro adjudicativo. Por tal razón, el Procurador General recomendó en su *Informe* la formulación de cargos contra el licenciado Pérez Guerrero por infracción a los Cánones 9, 12, 17, 18, 19, 20, 35 y 38 del Código de Ética Profesional, *infra*. No obstante, recomendó que se tomase como atenuante el hecho de que el letrado trajo el asunto ante la consideración de este Tribunal de forma voluntaria. De otra parte, el Procurador General halló innecesaria la celebración de una vista, toda vez que las faltas fueron reconocidas por el licenciado Pérez Guerrero

y no existía controversia alguna sobre la conducta exhibida por éste.

Examinado el *Informe* presentado por el Procurador General, el 23 de febrero de 2018 este Tribunal emitió una *Resolución* en la que le concedimos un término de veinte (20) días al licenciado Pérez Guerrero para que mostrara causa por la cual no debíamos proceder a evaluarlo por el expediente. Dicha *Resolución* fue notificada oportunamente al referido letrado.

En cumplimiento con la mencionada *Resolución*, el licenciado Pérez Guerrero compareció ante nos mediante un escrito en el cual detalló los acontecimientos y acciones realizadas por éste posterior a la suspensión en la USPTO. Entre otras gestiones, notificó su suspensión a todos sus clientes y a la *United States Court of Appeals for the First Circuit*, la cual no tomó determinación alguna al respecto. Además, éste indicó haber tomado 27.50 créditos de educación jurídica continua en ética, de los cuales 16.50 fueron tomados durante el periodo del 31 de marzo al 15 de septiembre de 2017, cumpliendo así con los doce (12) créditos que la USPTO le ordenó a tomar durante el periodo de suspensión. El licenciado Pérez Guerrero acompañó en su escrito una certificación del Programa de Educación Jurídica Continua acreditando dicha alegación. Finalmente, el letrado expresó que, ante la particularidad de los hechos del caso, no tenía inconveniente con que este Tribunal evaluara su conducta por el expediente, se diese por satisfecha cualquier

sanción que entendiésemos procedente según los Cánones de Ética y le apercibiésemos que debía prevenir futuras inobservancias en el desempeño de su profesión.

Posteriormente, el 16 de mayo de 2018 el licenciado Pérez Guerrero compareció nuevamente ante nos, mediante una moción en la cual informó que el 14 de mayo de 2018 se le notificó que la USPTO declaró con lugar su solicitud de reinstalación ante dicho foro, luego de dieciséis (16) meses de suspensión.

Es, pues, a la luz del marco fáctico y procesal antes expuesto, que procedemos a disponer del proceso disciplinario que nos ocupa.

II.

Como es sabido, el Código de Ética Profesional, 4 LPRA Ap. IX, es el cuerpo legal donde se recogen las normas de conducta que rigen a los miembros de la profesión jurídica en el país. Dicho Código tiene como propósito promover el desempeño personal y profesional de los abogados y las abogadas de acuerdo con los más altos principios de conducta decorosa, lo que, a su vez, redunda en beneficio de la profesión, la ciudadanía y las instituciones de justicia. *In re Espino Valcárcel*, 199 DPR 761 (2018); *In re Cruz Liciaga*, 198 DPR 828 (2017); *In re Franco Rivera*, 197 DPR 628 (2017); *In re Suárez Jiménez*, 192 DPR 152 (2014). En esa dirección, en reiteradas ocasiones hemos señalado que el incumplimiento con lo dispuesto en el mencionado ordenamiento deontológico puede acarrear la imposición de severas sanciones

disciplinarias. *In re Espino Valcárcel*, *supra*; *In re Cruz Liciaga*, *supra*; *In re Pestaña Segovia*, 192 DPR 485 (2015); *In re Irizarry Irizarry*, 190 DPR 368 (2014); *In re Asencio Márquez*, 183 DPR 659 (2011).

A tenor con lo anterior, el **Canon 9 del Código de Ética Profesional**, 4 LPRA Ap. IX, C. 9, exige a todo abogado o abogada el mostrar para con los tribunales una conducta de sumo respeto. *In re Espino Valcárcel*, *supra*; *In re López Méndez*, 196 DPR 956 (2016); *In re Montalvo Delgado*,196 DPR 542 (2016); *In re Torres Rodríguez*, 188 DPR 304 (2013). Como corolario del respeto profundo que deben tener los abogados y las abogadas hacia el foro judicial, el mencionado Canon les ordena a éstos y éstas comparecer en tiempo a los señalamientos notificados por el tribunal, así como a cualquier requerimiento u orden emitida por el foro judicial. *In re Espino Valcárcel*, *supra*; *In re Rivera Navarro*, 193 DPR 303 (2015); *In re Irizarry Irizarry*, *supra; In re Nieves Nieves*, 181 DPR 25 (2011). Véase, además, *In re Otero Fernández*, 145 DPR 582 (1998).

Por otro lado, el **Canon 12 del Código de Ética Profesional**, 4 LPRA Ap. IX, C. 12, impone a los abogados y abogadas el deber de ser puntuales en su asistencia y concisos y exactos en la tramitación de sus casos. Como parte de este deber ético, todo abogado y abogada debe realizar todas las diligencias necesarias para asegurarse de no causar indebidas dilaciones en el trámite de las causas a su cargo. *Íd*.

Sobre este particular, hemos expresado que el deber de diligencia es una obligación básica y elemental del abogado o abogada hacia su cliente y que para cumplir con el mismo éste o ésta debe realizar las gestiones que le fueron encomendadas de forma oportuna y adecuada, y sin dilaciones que puedan afectar la pronta solución de la controversia. *In re Otero Calero*, 2018 TSPR 112, 200 DPR ___ (2018); *In re Morell Bergantiños*, 195 DPR 759, 763 (2016). *In re Pietri Torres*, 191 DPR 482, 488 (2014). Ese deber se extiende a todas las etapas de un pleito. *In re Otero Calero*, *supra*; *In re Nazario Díaz*, 195 DPR 623 (2016); *In re Muñoz, Morell*, 182 DPR 738 (2011).

Dicho ello, conviene señalar también que el **Canon 17 del Código de Ética Profesional**, 4 LPRA Ap. IX, C. 17, dispone que la firma de un abogado o abogada en una alegación equivale a certificar que ha leído la misma y que, según su mejor conocimiento, información y creencia está bien fundada. Así, pues, actúa en contravención a este Canon todo abogado o abogada que presente un escrito que contiene alegaciones falsas, más aun si las mismas inducen a error al tribunal. Véase *In re Guzmán Guzmán*, 181 DPR 495 (2011).

De otra parte, el **Canon 18 del Código de Ética Profesional**, 4 LPRA Ap. IX, C. 18, establece que un abogado o abogada no debe "asumir una representación profesional cuando está consciente de que no puede rendir una labor idónea competente y que no puede prepararse adecuadamente sin que ello apareje gastos o demoras irrazonables a su

cliente o a la administración de la justicia". En cuanto a lo dispuesto en este Canon, el Tribunal ha sostenido que toda actuación negligente por parte del abogado, que pueda conllevar o, en efecto, conlleve el archivo o desestimación de una causa de acción, constituirá una violación al mismo. *In re López Santiago*, 199 DPR 797 (2018); *In re Nieves Nieves*, 181 DPR 25 (2011); *In re Pujol Thompson*, 171 DPR 683 (2007). Ello es así, pues cuando el abogado o la abogada actúa de forma negligente, los intereses del cliente son los verdaderamente afectados. *In re López Santiago*, *supra*; *In re Nieves Nieves*, *supra*.

Además de brindar una representación diligente y competente, es deber del abogado o la abogada, conforme a lo dispuesto en el **Canon 19 del Código de Ética Profesional**, 4 LPRA Ap. IX, C. 19, mantener a su cliente informado de cualquier asunto importante que surja en el desarrollo de su caso. Como hemos indicado en múltiples ocasiones, este Canon se infringe cuando el abogado o la abogada no atiende los reclamos de información que le hace el cliente; no le informa del resultado adverso de una gestión; ocurre la desestimación o el archivo de la acción; no mantiene al cliente al tanto del estado de los procedimientos del caso; o le niega información sobre el mismo. *In re Vázquez Bernier*, 198 DPR 459 (2017); *In re Reyes Coreano*, 190 DPR 739 (2014); *In re Colón Morera*, 172 DPR 49 (2007).

En cuanto a los parámetros que debe seguir un abogado o una abogada al momento de renunciar a la representación

legal de un cliente, el **Canon 20 del Código de Ética Profesional**, 4 LPRA Ap. IX, C. 20, en específico, dispone lo siguiente:

> Cuando el abogado haya comparecido ante un tribunal en representación de un cliente no puede ni debe renunciar la representación profesional de su cliente sin obtener primero el permiso del tribunal y debe solicitarlo solamente cuando exista una razón justificada e imprevista para ello.
>
> **Antes de renunciar la representación de su cliente el abogado debe tomar aquellas medidas razonables que eviten perjuicio a los derechos de su cliente tales como notificar de ello al cliente**; aconsejarle debidamente sobre la necesidad de una nueva representación legal cuando ello sea necesario; concederle tiempo para conseguir una nueva representación legal; aconsejarle sobre la fecha límite de cualquier término de ley que pueda afectar su causa de acción o para la radicación de cualquier escrito que le pueda favorecer; y el cumplimiento de cualquier otra disposición legal del tribunal al respecto, incluyendo la notificación al tribunal de la última dirección conocida de su representado.
>
> Al ser efectiva la renuncia del abogado debe hacerle entrega del expediente a su cliente y de todo documento relacionado con el caso y reembolsar inmediatamente cualquier cantidad adelantada que le haya sido pagada en honorarios por servicios que no se han prestado. (Énfasis suplido).

Este Tribunal ha expresado que "la renuncia del abogado está sujeta a que obtenga el permiso del foro pertinente y a que tome las medidas razonables para evitarle perjuicio a su representado". *In re Rivera Nazario*, 193 DPR 573, 586 (2015); *In re Ramos Hernández*, 183 DPR 647 (2011).

Asimismo, el **Canon 35 del Código de Ética Profesional**, 4 LPRA Ap. IX, C. 35, impone a todos los miembros de la profesión un deber de honradez y sinceridad ante los

tribunales, sus representados y sus compañeros. Según establece el referido Canon, "[n]o es sincero ni honrado el utilizar medios que sean inconsistentes con la verdad ni se debe inducir al juzgador a error utilizando artificios o una falsa relación de los hechos o del derecho". *Íd*. Este deber se incumple por el simple hecho de faltar a la verdad, independientemente de las razones que lo motiven. *In re Vázquez Pardo*, 185 DPR 1031 (2012); *In re Iglesias García*, 183 DPR 572 (2011); *In re Nieves Nieves*, 181 DPR 25 (2011); *In re Curras Ortiz*, 174 DPR 502 (2008). Ello, pues, como hemos resaltado en ocasiones anteriores, el ejercicio de la abogacía se fundamenta en la búsqueda de la verdad, por lo que es contrario a su función que un abogado se aparte de su deber de sinceridad y honradez en cualquier aspecto en el que se desempeñe. *In re Nazario Díaz*, 198 DPR 793, 805 (2017); *In re Irizarry Rodríguez*, 193 DPR 633 (2015); *In re Sierra Arce*, 192 DPR 140 (2014).

Por último, el **Canon 38 del Código de Ética Profesional**, 4 LPRA Ap. IX, C. 38, impone a todo abogado y abogada el deber de esforzarse al máximo en exaltar el honor y dignidad de la profesión legal. Como parte de este deber, todo miembro de la profesión "debe evitar hasta la apariencia de conducta profesional impropia". *Íd*. Sobre el referido Canon, este Tribunal ha expresado que "'[l]a justicia debe ser inmaculada, tanto en su realidad interior como en la percepción externa.... Cuando la conducta que se le imputa a un abogado demuestra que no se conduce de forma digna y

honorable, viola el citado Canon 38'". *In re Gordon Menéndez*, 183 DPR 628, 642 (2011) (citando *In re Pons Fontana*, 182 DPR 300, 310 (2011)). Véanse, además, *In re Pagán Pagán*, 171 DPR 975 (2007); *In re Roldán González*, 113 DPR 238 (1982). Los abogados y abogadas reflejan la imagen de la profesión, por lo que siempre deben actuar con el más escrupuloso sentido de responsabilidad que impone la función social que ejercen. *In re Gordon Menéndez*, *supra*; *In re Nieves Nieves*, 181 DPR 25 (2011); *In re Pagán Pagán*, *supra*; *In re Cuyar Fernández*, 163 DPR 113 (2004).

## III.

Por otro lado, y por considerarlo en extremo importante para la correcta disposición del proceso disciplinario ante nuestra consideración, es menester señalar que, al momento de imponer una sanción disciplinaria, este Tribunal debe tomar en consideración los siguientes factores: (1) la reputación del abogado en la comunidad; (2) su historial previo; (3) si la falta en cuestión constituye su primera infracción; (4) si ninguna parte ha resultado perjudicada; (5) **la aceptación de la falta y su sincero arrepentimiento**; (6) si es una conducta aislada; (6) si medió ánimo de lucro en su actuación; (7) el resarcimiento al cliente; y (8) cualquier otra consideración, ya sea atenuante o agravante, que surja de los hechos. *In re Medina Torres*, 2018 TSPR 123, 200 DPR ___ (2018); *In re Otero Calero*, *supra*; *In re Pagani Padró*, 198 DPR 812 (2017).

Es, precisamente, a la luz de la normativa antes expuesta que procedemos a disponer del caso que nos ocupa.

IV.

Establecido lo anterior, y en lo relacionado al presente proceso disciplinario, no albergamos duda alguna de que el licenciado Pérez Guerrero violó cada uno de los Cánones de Ética Profesional antes mencionados. Nos explicamos.

En primer lugar, de los documentos remitidos ante la consideración de este Tribunal, se puede colegir que el licenciado Pérez Guerrero desplegó una conducta inexcusable ante los tribunales, al no comparecer en tiempo a los requerimientos de la TTAB. También demostró una conducta deplorable al hacer falsas representaciones a dicho ente adjudicativo en cuanto a su renuncia y los acuerdos con su cliente, las cuales indujeron a error al referido foro. Asimismo, el letrado faltó a su deber de puntualidad y diligencia, al tramitar sus causas de forma tardía. De esta forma, el licenciado Pérez Guerrero infringió los Cánones 9 y 12 del Código de Ética Profesional, *supra*.

A través de esta conducta, el referido letrado también violó el Canon 17 del referido ordenamiento deontológico, toda vez que en sus comparecencias ante la TTAB certificó con su firma alegaciones que no estaban bien fundadas, pues le constaban que las mismas no eran ciertas. Dicha conducta no la podemos tolerar.

De otra parte, y según admite el propio licenciado Pérez Guerrero en la misiva cursada a este Tribunal, éste asumió

una representación legal a sabiendas de que no podía rendir una labor idónea,[2] por lo que violó el deber de competencia establecido en el Canon 18 del Código de Ética Profesional, *supra*. Además de esto, no mantuvo informado a su cliente sobre el estado de los procedimientos en el caso, ni le indicó que no tenía interés en continuar representándole en dicho proceso. Peor aún, renunció a la representación legal y continuó sosteniendo comunicaciones con el cliente sin informarle de ello. De este modo, violó también lo dispuesto en los Cánones 19 y 20 del referido ordenamiento deontológico.

Por último, el licenciado Pérez Guerrero con su conducta infringió el deber de sinceridad y honradez dispuesto en el Canon 35 del Código de Ética Profesional, *supra*. Ello, pues actuó de forma deshonesta con el foro adjudicativo, con su cliente y con el abogado colombiano que servía de intermediario en el proceso. El licenciado Pérez Guerrero incluso presentó una moción a nombre de este último sin su conocimiento, falsificando su firma. Con esta conducta, a su vez, el letrado faltó a su deber de esforzarse por resaltar el honor y dignidad de la profesión legal, violando así el Canon 38 del referido ordenamiento deontológico.

No empece a lo anterior, cabe resaltar que, según se desprende del *Informe* del Procurador General, durante el

---

[2] Surge del *Informe* del Procurador General que el licenciado Pérez Guerrero sostuvo en su carta "que no ha sabido delegar asuntos y que no le gusta dar malas noticias", por lo que, "ante la cantidad de casos, dejó el asunto pendiente y eventualmente el tiempo lo traicionó". *Informe* del Procurador General, pág. 4.

proceso disciplinario ante la USPTO el licenciado Pérez Guerrero fue en extremo cooperador y mostró con su conducta un genuino arrepentimiento. De igual forma, ha comparecido voluntariamente ante este Tribunal para informar el asunto ante nuestra consideración, lo cual debemos considerar como atenuante al imponer la correspondiente sanción disciplinaria. Toca señalar, además, que al momento de suscribir esta Opinión *Per Curiam*, el licenciado Pérez Guerrero ya ha cumplido con dieciséis (16) meses de suspensión ante la USPTO y ha sido reinstalado al ejercicio de la abogacía en dicho foro.

## V.

Siendo ello así, a la luz de todo lo antes dicho, **se suspende al licenciado Pérez Guerrero del ejercicio de la abogacía en nuestro país por un período de un (1) año.** En consecuencia, se le impone a éste el deber de notificar a todos sus clientes de su inhabilidad para continuar representándolos durante dicho periodo, devolver cualesquiera honorarios recibidos por trabajos no realizados e informar inmediatamente de su suspensión a los foros judiciales y administrativos donde tenga casos pendientes. Además, tiene la obligación de acreditar y certificar ante este Tribunal el cumplimiento con lo anterior, dentro del término de treinta (30) días a partir de la notificación de esta Opinión *Per Curiam* y Sentencia.

Se dictará Sentencia de conformidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

*In re:*

Arturo Pérez Guerrero                    TS-11,477

SENTENCIA

En San Juan, Puerto Rico, a 1 de noviembre de 2018.

Por los fundamentos expuestos en la Opinión *Per Curiam* que antecede, la cual se hace formar parte de la presente Sentencia, se suspende al licenciado Pérez Guerrero del ejercicio de la abogacía en nuestro país por un período de un (1) año. En consecuencia, se le impone a éste el deber de notificar a todos sus clientes de su inhabilidad para continuar representándolos durante dicho periodo, devolver cualesquiera honorarios recibidos por trabajos no realizados e informar inmediatamente de su suspensión a los foros judiciales y administrativos donde tenga casos pendientes. Además, tiene la obligación de acreditar y certificar ante este Tribunal el cumplimiento con lo anterior, dentro del término de treinta (30) días a partir de la notificación de esta Opinión *Per Curiam* y Sentencia.

Notifíquese inmediatamente por correo electrónico.

Lo acordó el Tribunal y certifica el Secretario del Tribunal Supremo. La Jueza Asociada señora Pabón Charneco y el Juez Asociado señor Feliberti Cintrón disienten del término de la suspensión. En lugar de un (1) año, hubieran suspendido al abogado por seis (6) meses.

Juan Ernesto Dávila Rivera
Secretario del Tribunal Supremo