EN EL TRIBUNAL SUPREMO DE PUERTO RICO

|  |  |
|---|---|
| In re: <br><br> Wilfredo Cruz Liciaga | 2017 TSPR 160 <br><br> 198 DPR ____ |

Número del Caso: TS-17,808


Fecha:   7 de agosto de 2017


Abogada del promovido:


            Por derecho propio


Oficina de Inspección de Notarías:

            Lcdo. Manuel Ávila De Jesús
            Director



Materia: La suspensión será efectiva el 10 de agosto de 2017, fecha en que se le notificó al abogado de su suspensión inmediata.



Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

Wilfredo Cruz Liciaga                    TS-17,808
   (TS-17,808)

PER CURIAM

En San Juan, Puerto Rico, a 7 de agosto de 2017.

Una vez más nos vemos obligados a suspender del ejercicio de la abogacía y la notaría a un miembro de la profesión legal que incumplió con los requerimientos de la Oficina de Inspección de Notarías y, además, con las órdenes de este Tribunal. Veamos.

I.

El Lcdo. Wilfredo Cruz Liciaga fue admitido al ejercicio de la abogacía el 9 de febrero de 2010 y

prestó juramento como notario el 2 de julio de 2010[1]. El 26 de enero de 2017, la Oficina de Inspección de Notarías ("ODIN") le cursó una comunicación al licenciado Cruz Liciaga, en la cual se le informó que la inspección de su obra protocolar estaba señalada para el 13 de febrero de 2017. Asimismo, se le notificó al letrado que no se admitiría solicitud de suspensión o posposición alguna, excepto por justa causa y tras la debida comunicación a tales efectos dirigida al Director de ODIN, con un mínimo de cinco (5) días laborables previo al señalamiento acordado.

Así las cosas, el 9 de febrero de 2017 el licenciado Cruz Liciaga envió una carta al Director de la ODIN, mediante la cual solicitó la posposición de la inspección de su obra protocolar, por conflictos con su calendario. El letrado ofreció varias fechas alternas para celebrar la referida visita de inspección.

Posteriormente, en contestación a la referida solicitud, la Inspectora de Notarías, Lcda. Teresa

_____

[1] El 27 de enero de 2017, este Tribunal emitió una *Resolución* mediante la cual archivamos la Queja AB-2014-294 presentada en contra del Lcdo. Wilfredo Cruz Liciaga. En dicha *Resolución*, le censuramos enérgicamente y le apercibimos que, en un futuro, debería cumplir cabalmente con sus obligaciones éticas.

Posteriormente, se presentó contra el letrado la Queja AB-2016-305, en la cual se cuestiona la autenticidad de una firma contenida en un documento sometido por el licenciado Cruz Liciaga ante el Tribunal de Primera Instancia. El pasado 22 de mayo de 2017, el Procurador General presentó su *Informe Final*, en el cual recomienda archivar la Queja AB-2016-305. No obstante, al presente, la misma no ha sido archivada.

Trujillo Ortiz, le cursó un correo electrónico al letrado en el que confirmó que se había autorizado la reprogramación de su inspección, quedando así señalada para el 3 de marzo de 2017. En dicha comunicación, la Inspectora de Notarías le informó al abogado que era importante mantener la comunicación, ya que por las pasadas dos semanas había intentado comunicarse con éste y había resultado infructuoso.

A raíz de lo anterior, el 2 de marzo de 2017, la Inspectora de Notarías le envió un correo electrónico al licenciado Cruz Liciaga, solicitándole que se comunicara con ésta a la mayor brevedad posible, de modo que pudiera proveerle las instrucciones necesarias para llegar a su oficina al próximo día, para la cita programada. Asimismo, se le indicó al letrado que, de su certificación de radicación de índices mensuales e informes anuales, surgía que éste adeudaba los Informes *de Actividad Notarial Anual* correspondientes a los años 2011 al 2015. Se le explicó que debía proveerle a la ODIN evidencia acreditativa de la presentación de los mismos o, en su alternativa, radicar dichos informes con la correspondiente carta explicativa.

En igual fecha, en horas de la tarde, la Inspectora de Notarías recibió una llamada telefónica de la señora Elizabeth Rivera -- quien se identificó como la compañera del letrado -- y ésta le manifestó que el licenciado Cruz Liciaga se encontraba en Sala de Emergencias de uno de los

hospitales del País, el cual no identificó. Según expresó la señora Rivera, ello se debió a una condición de salud imprevista; a saber, presión alta. Inmediatamente, la señora Rivera expresó que el licenciado Cruz Liciaga no estaría disponible para la inspección programada, ya que supuestamente éste sería hospitalizado.

Ante este panorama, la Inspectora de Notarías le manifestó a la señora Rivera que el licenciado debía presentar directamente su solicitud de cambio de fecha al Director de la ODIN, así como un certificado médico que acreditara su condición de salud y cualquier otro documento complementario.

Debido a la ausencia de evidencia acreditativa de lo alegado por la señora Rivera, el Director de la ODIN determinó mantener vigente el señalamiento de la visita de inspección inicial, según programada, para el 3 de marzo de 2017. Dicha determinación le fue informada al licenciado Cruz Liciaga mediante correo electrónico y, además, se le informó que de no estar disponible o de no haber persona que recibiera a la Inspectora de Notarías, se procedería a presentar el correspondiente Informe Especial ante este Tribunal.

Al no recibir comunicación alguna por parte del letrado ni de la señora Rivera, la Inspectora de Notarías se personó a la residencia del licenciado Cruz Liciaga en la fecha acordada. Tras recibir la confirmación por parte

de una vecina de que la residencia en cuestión era la del letrado, la Inspectora de Notarías procedió a intentar comunicarse con el abogado a los números de contacto que surgían del Registro Único de Abogados, pero ello resultó infructuoso. Así, la Inspectora de Notarías procedió a dejar una nota en el buzón de la residencia, informando de su visita a la residencia.

El 8 de marzo de 2017, la Inspectora de Notarías presentó un documento titulado *Informe Negativo de Inspección Inicial Reprogramada,* en el que detalló los esfuerzos realizados para localizar al letrado. De igual forma, expresó que, al momento de suscribir el informe, el licenciado Cruz Liciaga no se había comunicado ni había ofrecido excusas por su incomparecencia.

Al día siguiente, el Registro de Asuntos No Contenciosos de la ODIN le notificó a la licenciada Trujillo Ortiz que no surgía de los archivos que el licenciado Cruz Liciaga tuviese vigente su Fianza Notarial; la misma había vencido el 10 de julio de 2013.

Así pues, el 10 de marzo de 2017 el Director de la ODIN nos presentó el *Informe Especial sobre Incumplimiento de la Ley Notarial y su Reglamento y Solicitud Urgente de Incautación Preventiva de Obra Notarial* (en adelante, "*Informe Especial*"). Luego de reseñar los sucesos que anteceden, la ODIN solicitó la incautación preventiva de la obra protocolar del licenciado Cruz Liciaga, junto a su

sello notarial. Ello, por entender que el incumplimiento del letrado con los requerimientos de ODIN dirigidos a realizar la inspección de su obra notarial, así como su constante inaccesibilidad, entorpecían y obstaculizaban el deber de fiscalización de la ODIN.

El 29 de marzo de 2017, emitimos una *Resolución* mediante la cual le concedimos al licenciado Cruz Liciaga un término de veinte (20) días para responder al *Informe Especial* antes mencionado. Asimismo, le ordenamos al abogado presentar, dentro del mismo término, los *Informes Estadísticos de Actividad Notarial Anual* adeudados y, por otra parte, que acreditara el pago de la fianza notarial desde el 2013 al presente año. En dicha *Resolución* se le apercibió al licenciado Cruz Liciaga que su incumplimiento con lo ordenado podría conllevar sanciones disciplinarias, como la suspensión de la abogacía. Por último, se ordenó la incautación de la obra protocolar del letrado. Copia de la referida *Resolución* fue diligenciada personalmente el 4 de abril de 2017.

Posteriormente, el 9 de mayo de 2017 la ODIN presentó ante este Tribunal una *Moción Notificando Incumplimiento de Orden, Informe Sobre Obra Protocolar Incautada y en Solicitud de Remedios*, en la cual expresó que, a pesar del término que le fue conferido por este Tribunal, el licenciado Cruz Liciaga no había presentado su reacción al *Informe Especial*, los *Informes Estadísticos de Actividad*

*Notarial Anual* correspondientes a los años de 2011 a 2015, ni había presentado evidencia que acreditara el pago de la fianza notarial para el periodo de 2013 al presente. Es decir, una vez más y a pesar de nuestra orden a tales efectos, con el correspondiente apercibimiento, el licenciado Cruz Liciaga no compareció ante nos.

Posteriormente, el 6 de junio de 2017, el licenciado Cruz Liciaga compareció ante nos mediante una *Moción Informativa y Otros Asuntos*. En síntesis, expuso que el pasado 25 de mayo de 2017 se celebró una re inspección de su obra notarial incautada preventivamente por esta Curia y que se corrigieron la mayoría de las faltas señaladas por la ODIN. Asimismo, nos indicó cuáles, según su apreciación, eran los asuntos pendientes ante la ODIN. Además, el abogado adujo que, por error involuntario, no había estado recibiendo las notificaciones enviadas durante el trámite de subsanación de su obra notarial dado a que la dirección de correo postal es una familiar, por lo que miembros de su familia no le entregan la correspondencia dirigida a éste o, de hacerlo, es de forma tardía. Por ello, el licenciado Cruz Liciaga expuso haber realizado un cambio de dirección para que la correspondencia fuese recibida directamente en su residencia y, además, expresó que su intención nunca fue faltar a los requerimientos de esta Curia ni de la ODIN.

Finalmente, solicitó un término de quince (15) días para corregir las faltas que entendía quedaban por subsanar.

A tales efectos, el 8 de junio de 2017 le concedimos a la ODIN un término de diez (10) días para que se expresara en torno a lo expuesto por el letrado.

Mediante *Moción en Cumplimiento de Orden*, la ODIN compareció ante nos y sostuvo que, según informó la licenciada Trujillo Ortiz, Inspectora de Protocolos y Notarías a cargo del examen de la obra del licenciado Cruz Liciaga, previamente incautada por este Tribunal, el pasado 25 de mayo de 2017 se realizó una re inspección de la referida obra y se encontraron ciertas deficiencias[2].

Consecuentemente, el 26 de junio de 2017 emitimos una *Resolución* mediante la cual le concedimos al letrado un término de treinta (30) días para atender las deficiencias señaladas. No obstante, el 27 de julio de 2017 la ODIN compareció una vez más ante nos, mediante una *Moción Reiterando Incumplimiento de Orden.* En la misma, expuso que el licenciado Cruz Liciaga no se había comunicado con la Inspectora de Protocolos y Notarías a cargo de la inspección de su obra notarial, con el personal de la ODIN o con el personal del Archivo Notarial del Distrito

---

[2] En aquel entonces, las deficiencias señaladas fueron las siguientes, a saber: falta de encuadernación de los protocolos formados para los años 2010 al 2016, incluso; una deuda arancelaria ascendiente a $275.00; falta de entregar tres instrumentos públicos autorizados en el año natural 2016; transcripción de dos asientos en su Libro de Registro de Testimonios; y la ratificación de ciertos instrumentos ante un tercer notario.

Notarial de San Juan. De igual forma, la ODIN nos informó que la obra notarial incautada permanecía con las deficiencias previamente señaladas.

Es, pues, a la luz del marco fáctico y procesal antes expuesto, que procedemos a resolver este asunto sin trámite ulterior.

## II.

Como es sabido, las normas de conducta contenidas en los cánones de ética profesional, que rigen a los miembros de la profesión legal, buscan promover el ejercicio profesional y personal del abogado y la abogada a tono con los más altos principios de conducta decorosa. *In re López Santos*, 2016 TSPR 37, 194 DPR__ (2016); *In re De Jesús Román,* 192 DPR 799, 802 (2015); *In re Suárez Jiménez*, 192 DPR 152 (2014). Ello, a su vez, redunda en beneficio de la profesión, la ciudadanía y nuestras instituciones de justicia. *In re Franco Rivera*, 2017 TSPR 36, 197 DPR ___ (2017); *In re Suárez Jiménez*, *supra.* El incumplimiento con estas normas éticas acarrea sanciones disciplinarias. *In re Franco Rivera, supra*, a la pág. 8; *In re Pestaña Segovia*, 192 DPR 485 (2015); *In re Irizarry Irizarry*, 190 DPR 368 (2014).

A tenor con lo anterior, y en lo pertinente al asunto que nos ocupa, el Canon 9 del Código de Ética Profesional, 4 LPRA Ap. IX, establece que todo abogado y abogada "*debe*

*observar para con los tribunales una conducta que se caracterice por el mayor respeto".* In re López Méndez, 2016 TSPR 248, 196 DPR ___ (2016); *In re Montalvo Delgado,* 2016 TSPR 223, 196 DPR ___ (2016); *In re Torres Rodríguez,* 188 DPR 304 (2013). Como corolario del respeto profundo que deben tener los abogados y las abogadas hacia el foro judicial, el mencionado canon les ordena comparecer a los señalamientos notificados por el tribunal, así como a cualquier requerimiento u orden emitida por el foro judicial. *In re Rivera Navarro,* 193 DPR 303 (2015); *In re Irizarry Irizarry, supra; In re Nieves Nieves,* 181 DPR 25 (2011). *Véase* además *In re Otero Fernández,* 145 DPR 582 (1998). Tal deber incluye, además, el de todo abogado y abogada a responder con diligencia los requerimientos, órdenes y exigencias de la ODIN. *In re Franco Rivera, supra; In re Salas González,* 193 DPR 387 (2015). *Véanse,* además, *In re Chardón Dubos,* 191 DPR 201 (2014); *In re Martínez Romero,* 188 DPR 511 (2013).

En ese sentido, hemos señalado en más de una ocasión que los abogados y las abogadas tienen el deber de subsanar cualquier deficiencia notificada por la ODIN. Ante ello, no pueden asumir una actitud pasiva ni esperar que sea tal dependencia de este Tribunal quien les contacte para cerciorarse que las deficiencias señaladas en la obra notarial hayan sido corregidas. Por el contrario, hemos expresado que -- una vez se han

identificado faltas en sus obras notariales -- son los abogados y abogadas quienes tienen la obligación de contactar a la ODIN, con el fin de pautar las reuniones y procedimientos necesarios para finalizar cualquier proceso de subsanación. *In re Franco Rivera*, *supra*; *In re Vázquez González*, 194 DPR 688 (2016); *In re García Aguirre*, 190 DPR 539 (2014).

El incumplimiento con tal deber, junto a la desatención de las órdenes de este Tribunal, constituye una infracción al Canon 9 de Ética Profesional, *supra*. *In re Pestaña Segovia*, *supra*; *In re De León Rodríguez,* 190 DPR 378 (2014); *In re Dávila Toro*, 179 DPR 833 (2010). Ello, puesto que este Foro ha sido enfático al no tolerar la actitud de indiferencia por parte de un miembro de la profesión a nuestras órdenes, señalamientos o requerimientos. *In re Franco Rivera*, *supra*; *In re García Aguirre, supra*; *In re López González*, 189 DPR 581 (2013).

Así, pues, la desatención a las órdenes judiciales constituye un serio agravio a la autoridad de los tribunales y, a su vez, constituye una infracción al Canon 9 del Código de Ética Profesional, *supra*. *In re López Méndez*, *supra*; *In re Pestaña Segovia*, 192 DPR 485 (2015); *In re García Incera*, 177 DPR 329 (2010); *In re Maldonado Rivera*, 147 DPR 380 (1999). De este modo, cuando un abogado o abogada ignora los requerimientos y exigencias de la ODIN y de este Tribunal, procede la suspensión

inmediata e indefinida de la abogacía. *Franco Rivera*, *supra*; *In re Pérez Román*, 191 DPR 186 (2014); *In re Martínez Romero*, 188 DPR 511 (2013); *In re Arroyo Rivera*, 182 DPR 732 (2011).

Es, precisamente, a la luz del marco jurídico antes expuesto que procedemos a disponer del asunto ante nuestra consideración.

III.

Según se desprende del tracto aquí reseñado, como pudimos apreciar, el licenciado Cruz Liciaga, en varias ocasiones, hizo caso omiso a las comunicaciones cursadas por la ODIN con el fin de inspeccionar su obra notarial. A pesar de haberse reprogramado la referida inspección a una fecha distinta a la original, según solicitado por el letrado, éste no compareció a la misma ni presentó excusa alguna por dicha incomparecencia. Además, durante el periodo previo, coetáneo y posterior a la fecha en que habría de celebrarse la visita de inspección de la obra notarial, el licenciado Cruz Liciaga no respondió a ninguno de los intentos de comunicación realizados por la Inspectora de Notarías. Por si fuera poco, el abogado tampoco ha respondido a nuestras órdenes y se ha mostrado indiferente ante nuestro apercibimiento de imponerle sanciones disciplinarias por la conducta desplegada por éste.

Sin lugar a dudas, la conducta desplegada por el licenciado es una de descuido y refleja una patente falta de interés en continuar ejerciendo la profesión. La misma constituye un desagravio a la autoridad de este Tribunal y, a su vez, infringe el Canon 9 de Ética Profesional, *supra*.

En vista de ello, se le suspende inmediata e indefinidamente del ejercicio de la abogacía y la notaría. Se le impone al licenciado Cruz Liciaga el deber de notificar a todos sus clientes de su inhabilidad para continuar representándolos, devolver cualesquiera honorarios recibidos por trabajos no realizados e informar inmediatamente de su suspensión a los foros judiciales y administrativos donde tenga casos pendientes. Además, tiene la obligación de acreditar y certificar ante este Tribunal el cumplimiento con lo anterior, dentro del término de treinta (30) días a partir de la notificación de esta Opinión *Per Curiam* y Sentencia.

Se le ordena al licenciado Cruz Liciaga, además, que en un término final e improrrogable de cuarenta y cinco (45) días calendario a partir de la notificación de la presente Opinión *Per Curiam* y Sentencia, complete -- a sus expensas -- el proceso de subsanación de la obra notarial incautada. Se le advierte que, de incumplir con lo anterior, el asunto será referido a un proceso de desacato

ante el Tribunal de Primera Instancia, Sala Superior de San Juan.

Se ordena, además, al Alguacil de este Tribunal incautar su obra notarial, incluyendo su sello notarial, y entregarlos al Director de la Oficina de Inspección de Notarías para el correspondiente examen e informe a este Tribunal. La fianza notarial del señor Cruz Liciaga queda automáticamente cancelada; esta se considerará buena y válida por tres (3) años después de su terminación en cuanto a los actos realizados por el señor Cruz Liciaga durante el periodo en que la misma estuvo vigente.

Notifíquese personalmente.

Se dictará Sentencia de conformidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

Wilfredo Cruz Liciaga

Núm. TS-17,808

SENTENCIA

En San Juan, Puerto Rico, a 7 de agosto de 2017.

Por los fundamentos expuestos en la Opinión *Per Curiam* que antecede, la cual se hace formar parte de la presente Sentencia, se suspende al Lcdo. Wilfredo Cruz Liciaga inmediata e indefinidamente del ejercicio de la abogacía y la notaría.

Se le impone al licenciado Cruz Liciaga el deber de notificar a todos sus clientes de su inhabilidad para continuar representándolos, devolver cualesquiera honorarios recibidos por trabajos no realizados e informar oportunamente de su suspensión a los foros judiciales y administrativos. Además, tiene la obligación de acreditar y certificar ante este Tribunal el cumplimiento con lo anterior, dentro del término de treinta (30) días, a partir de la notificación de esta Opinión *Per Curiam* y Sentencia.

Se le ordena al licenciado Cruz Liciaga, además, que en un término final e improrrogable de cuarenta y cinco (45) días calendario a partir de la

notificación de la presente Opinión *Per Curiam* y Sentencia, complete -- a sus expensas -- el proceso de subsanación de la obra notarial incautada. Se le advierte que, de incumplir con lo anterior, el asunto será referido a un proceso de desacato ante el Tribunal de Primera Instancia, Sala Superior de San Juan.

Se ordena, además, al Alguacil de este Tribunal incautar su obra notarial, incluyendo su sello notarial, y entregarlos al Director de la Oficina de Inspección de Notarías para el correspondiente examen e informe a este Tribunal. La fianza notarial del señor Cruz Liciaga queda automáticamente cancelada; esta se considerará buena y válida por tres (3) años después de su terminación en cuanto a los actos realizados por el señor Cruz Liciaga durante el periodo en que la misma estuvo vigente.

Notifíquese inmediatamente por fax, teléfono, correo electrónico y por la vía ordinaria.

Lo acordó el Tribunal y certifica el Secretario del Tribunal Supremo. La Juez Asociada señora Rodríguez Rodríguez no intervino.


Juan Ernesto Dávila Rivera
Secretario del Tribunal Supremo