EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| In re:<br><br><br>Luis R. Torres Rodríguez | 2019 TSPR 47<br><br>201 DPR \_\_\_\_ |

Número del Caso: CP-2015-9


Fecha: 12 de marzo de 2019


Abogadas del querellado:

      Lcda. Carmen D. Irizarry Resto
      Lcda. Carmen Muñoz Gándara


 Oficina del Procurador General:

      Lcda. Karla Z. Pacheco Álvarez
      Subprocuradora General

      Lcdo. Joseph Feldstein del Valle
      Subprocurador General

      Lcda. Yaizamarie Lugo Fontánez
      Procuradora General Auxiliar


 Comisionada Especial:

      Lcda. Ygrí Rivera de Martínez



Materia: Conducta Profesional – La suspensión será efectiva el 13 de marzo de 2019. Fecha en que se le notificó al abogado de su suspensión inmediata.


Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

*In re:*

    Luis R. Torres Rodríguez         CP-2015-9
         (TS-4452)

PER CURIAM

En San Juan, Puerto Rico, a 12 de marzo de 2019.

Una vez más nos vemos obligados a suspender a un miembro de la profesión legal, en esta ocasión, por la infracción a varios Cánones de Ética Profesional, *infra*, a saber: Canon 9 (Conducta del abogado ante los tribunales), Canon 12 (Puntualidad y tramitación de las causas), Canon 18 (Competencia del abogado y consejo al cliente), Canon 35 (Sinceridad y honradez) y Canon 38 (Preservación del honor y dignidad de la profesión). Veamos.

I.

El licenciado Luis R. Torres Rodríguez (en adelante, "licenciado Torres Rodríguez") fue admitido al ejercicio de la abogacía el 3 de enero de 1974 y al ejercicio de la notaría el 8 de julio de 1974.[1]

El presente proceso disciplinario surge como resultado de cierta *Resolución y Orden* emitida el 10 de marzo de 2008 por el Tribunal de Primera Instancia en el caso *Zorba Rivera v. Rivera Martínez*, BAC2005-0098.[2] A través de la misma, el foro primario trajo a nuestra atención el reiterado incumplimiento del licenciado Torres Rodríguez y el licenciado Salvador Tió Fernández con las órdenes dadas en el caso de referencia.

Recibida la mencionada *Resolución y Orden*, referimos el asunto a la Oficina del Procurador General para la investigación de rigor y, luego de evaluar el informe presentado por la mencionada dependencia gubernamental y la contestación al mismo del licenciado Torres Rodríguez, ordenamos la presentación de una querella en contra de ambos abogados.[3]

---

[1] **Surge del expediente del letrado en cuestión que éste fue suspendido de la abogacía el 12 de julio de 1984 y reinstalado el 21 de marzo de 2003. En cuanto a la notaría, según se indica en su expediente, fue suspendido por tres (3) meses el 12 de diciembre de 1978 y por un (1) año el 29 de agosto de 1979. Luego, el 30 de junio de 1981, fue suspendido indefinidamente del ejercicio de la notaría.**

[2] El caso de referencia trata sobre una demanda de partición hereditaria presentada por el señor Jaime Sorba Rivera contra la señora Aelis Rivera Martínez.

[3] Cabe mencionar, sin embargo, que el 28 de enero de 2011 se amonestó al licenciado Tió Fernández por la conducta incurrida, se le apercibió que en el futuro fuera más cuidadoso y evitara situaciones como las que

Establecido lo anterior, toda vez que el caso que originó la querella de epígrafe tiene un trámite procesal bastante extenso y complejo, para fines de disponer del caso ante nuestra consideración, nos limitaremos a relatar aquellos hechos que dieron margen al presente proceso disciplinario. Procedemos, pues, a así hacerlo.

Allá para el 19 de diciembre de 2006, el licenciado Torres Rodríguez presentó ante el Tribunal de Primera Instancia una *Moción asumiendo representación legal adicional de la parte demandada*, mediante la cual solicitó al foro primario que -- en la causa *Zorba Rivera v. Rivera Martínez*, BAC2005-0098 -- le aceptara como representante legal de la parte demandada, la señora Aelis M. Rivera Martínez, quien para ese momento ya estaba siendo representada por el licenciado Tió Fernández. El Tribunal de Primera Instancia accedió a lo solicitado por el referido letrado, en momentos en que se encontraba pendiente la celebración de una reunión de abogados previa a la conferencia con antelación a juicio; la cual no se había podido celebrar por la incomparecencia del licenciado Tió Fernández.

Días más tarde, el 26 de diciembre de 2006 para ser específicos, la parte demandante en el precitado caso presentó una moción en la cual señaló que ni el licenciado Tió Fernández, ni el licenciado Torres Rodríguez, asistieron

---

admitió en el escrito que presentó en contestación, y se desestimó el asunto respecto a éste.

a la mencionada reunión de abogados, pautada para el 21 de diciembre de 2006; aun cuando éste último llamó a las 9:07 a.m. para informar que acudiría a la reunión. En dicha moción, la parte demandante solicitó que en el litigio en cuestión se le anotara la rebeldía a la parte demandada y se eliminaran sus alegaciones.

A dicha solicitud, el licenciado Torres Rodríguez se opuso. Alegó que él se comunicó con la oficina del licenciado Juan Enrique Santana Félix (en adelante, "licenciado Santana Félix"), abogado de la parte demandante, para confirmar su asistencia a la reunión pautada, pero al no haberle sido devuelta la llamada por el licenciado Santana Félix no salió de su oficina a acudir a la misma.

Evaluados los planteamientos de ambas partes, el 19 de enero de 2007 el Tribunal de Primera Instancia emitió una *Resolución* en la cual no aceptó la justificación dada por el licenciado Torres Rodríguez y le ordenó a la parte demandada -- representada por éste -- a informar en cinco (5) días perentorios la nueva fecha de la reunión. Dicha orden no fue cumplida.

Ante tal incumplimiento, el 9 de febrero de 2007 el foro primario emitió otra *Orden* en la que le impuso a los abogados de la parte demandada una sanción de cien dólares ($100.00). La referida sanción no fue pagada.

Así las cosas, la vista de *Conferencia con antelación a juicio* -- la cual ya había sido pospuesta en varias ocasiones por no haberse podido celebrar la reunión de

abogados -- quedó pautada para el 26 de febrero de 2007. No obstante, los abogados de la parte demandada, el licenciado Tió Fernández y el licenciado Torres Rodríguez, tampoco comparecieron a dicha vista, por lo que el Tribunal de Primera Instancia les impuso una sanción de ciento cincuenta dólares ($150.00) en concepto de honorarios de abogado a favor de la parte demandada.

Ese mismo día, entiéndase el 26 de febrero de 2007, el foro primario emitió una *Orden* en la cual apercibió a los abogados de la parte demandada, el licenciado Tió Fernández y el licenciado Torres Rodríguez, que su incumplimiento con las órdenes del tribunal conllevaría la eliminación de las alegaciones de dicha parte y la celebración de un juicio en rebeldía.[4] A su vez, el Tribunal de Primera Instancia ordenó a la parte demandada que en cinco (5) días pagara los honorarios impuestos, informara la fecha para la reunión de abogados y mostrara causa por la cual no se le debía imponer sanciones más severas, o el desacato, por incumplir con las órdenes del 19 de enero de 2007 y 9 febrero de 2007. La mencionada *Orden* no fue cumplida.

Acto seguido, el 17 de marzo de 2007 y el 11 de abril de 2007 la parte demandante compareció ante el foro primario mediante sendas mociones, en las cuales señaló el incumplimiento de la parte demandada y sus representantes legales, los licenciados Tió Fernández y Torres Rodríguez

---

[4] A la parte demandada ya se le había anotado la rebeldía por incumplimientos previos del licenciado Tió Fernández.

con las órdenes del Tribunal. En las mismas, ésta solicitó el señalamiento de una vista de desacato y reiteró el apercibimiento del tribunal en cuanto a la eliminación de las alegaciones y la celebración de un juicio en rebeldía.

Examinados los escritos de la parte demandante, el Tribunal de Primera Instancia procedió a eliminar las alegaciones de la parte demandada y a señalar juicio en rebeldía para el 7 de agosto de 2007. A la referida vista comparecieron los licenciados Santana Félix y Tió Fernández, mas no compareció el licenciado Torres Rodríguez.

En esa ocasión, el foro primario ordenó al licenciado Tió Fernández que se comunicara con el licenciado Torres Rodríguez para que compareciera al pleito so pena de ordenar su arresto. Ahora bien, según se consigna en la *Resolución* emitida tras la referida vista, el Tribunal de Primera Instancia indicó que finalmente no se ordenó el arresto del referido letrado porque le fue informado que éste se encontraba en una oficina médica, por lo que concedió diez (10) días al abogado en cuestión para que mostrara la causa de su incomparecencia. Acto seguido, el foro primario dejó sin efecto la vista en rebeldía, pero mantuvo la anotación. El licenciado Torres Rodríguez, sin embargo, no cumplió con la orden de mostrar causa.

Así pues, el 4 de octubre de 2007 el licenciado Santana Félix compareció nuevamente ante el Tribunal de Primera Instancia para indicar que el licenciado Torres Rodríguez aún no había cumplido con la orden emitida el 7 de agosto de

2007. Posteriormente, el 28 de septiembre de 2007 el foro primario emitió una *Resolución* en la cual reseñaló el juicio en rebeldía para el 11 de diciembre de 2007.

Por su parte, el 21 de noviembre de 2007 la señora Rivera Martínez -- parte demandada -- compareció por derecho propio ante el Tribunal de Primera Instancia e indicó que le había solicitado a los licenciados Torres Rodríguez y Tió Fernández la renuncia a su representación legal, pero que éstos aún no la habían presentado.

Un mes más tarde, entiéndase el 6 de diciembre de 2007, y tras varios incidentes procesales no necesarios aquí pormenorizar, se celebró una vista de desacato criminal contra el licenciado Torres Rodríguez. A la misma, el referido letrado compareció y señaló que la primera orden que recibió del foro primario fue una de 21 de octubre de 2007, notificada el 8 de noviembre de 2007. El Tribunal de Primera Instancia, por su parte, manifestó que la dirección a la cual había notificado la mayoría de sus órdenes era la que desde febrero de 2007, surgía de los récords del tribunal como la dirección principal de éste. A esto, el licenciado Torres Rodríguez respondió que no tenía idea de cómo se pudo llevar a cabo dicho cambio de dirección y que nunca había estado en ese lugar.

Celebrada la referida vista, el foro primario notificó una *Minuta* mediante la cual ordenó el archivo del proceso de desacato criminal y emitió una orden al referido letrado para que en un término de cinco (5) días, presentara su

renuncia a la representación legal de la parte demandada en el pleito en cuestión. Dicha *Minuta* fue oportunamente notificada a todas las partes en el litigio.

Posteriormente, el 7 de diciembre de 2007 el Tribunal de Primera Instancia emitió una *Resolución y Orden* en la cual expuso que ordenó el archivo del proceso de desacato criminal antes mencionado debido a que las órdenes incumplidas por el licenciado Torres Rodríguez, según éste expresó, habían sido notificadas a una dirección distinta a la que él había provisto al momento de asumir representación legal de la parte demandada. No obstante, expresó que el letrado en cuestión debía conocer de las órdenes emitidas por el foro primario al compartir la representación con el licenciado Tió Fernández. Señaló, además, que era inaceptable el tiempo transcurrido sin que el licenciado Torres Rodríguez hiciera alguna gestión para averiguar por qué no estaba recibiendo las notificaciones del tribunal. Finalmente, ordenó al referido letrado a someter en cinco (5) días evidencia médica respecto a la razón por la cual no compareció a la vista del 7 de agosto de 2007.

El 10 de diciembre de 2007 el licenciado Torres Rodríguez compareció ante el Tribunal de Primera Instancia y presentó una *Moción de renuncia de representación legal y en cumplimiento de orden*. En ésta solicitó ser relevado de la representación legal de la señora Rivera Martínez y que se diese por cumplida la orden emitida el 6 de diciembre de 2007.

El 10 de marzo de 2008 el foro primario relevó a los licenciados Torres Rodríguez y Tió Fernández de la representación legal de la señora Rivera Martínez. Además, les concedió a éstos un término de cinco (5) días para pagar a la parte demandante una suma de trescientos dólares ($300.00) por concepto de honorarios de abogado y trescientos dólares ($300.00) por honorarios de perito, y -- como ya mencionamos -- refirió el asunto ante este Tribunal, por entender que los mencionados letrados pudieron haber incurrido en violaciones a lo dispuesto en el Código de Ética Profesional, *infra*. **El Tribunal de Primera Instancia señaló también que, contrario a lo aseverado por el licenciado Torres Rodríguez en la vista del 6 de diciembre de 2007, éste sí proporcionó la dirección a la cual se le habían notificado las órdenes incumplidas.** Asimismo, reseñaló la vista en rebeldía para el 10 de abril de 2008.

Posteriormente, el 25 de abril de 2008 el licenciado Torres Rodríguez presentó ante el foro primario una *Moción en cumplimiento de orden*, en la cual incluyó un giro postal por la cantidad de trescientos dólares ($300.00) para el pago parcial de las sanciones impuestas. Además, informó al tribunal que, si no lograba comunicarse con el licenciado Tió Fernández, él sometería la cantidad restante.

En cuanto a la evidencia médica solicitada, el referido letrado indicó que al dejarse sin efecto el desacato había entendido que se dispuso de todos los asuntos pendientes. No obstante, manifestó haber solicitado al doctor Roberto

Torres Aguiar una certificación al efecto, la cual notificaría al tribunal una vez la recibiera.

Así pues, el 8 de mayo de 2008 se celebró el juicio en rebeldía, al cual la parte demandada compareció representada por su nuevo abogado, el licenciado Julio E. Torres Ortiz. El 20 de febrero de 2009 el Tribunal de Primera Instancia emitió una *Sentencia* en la cual, además de atender la controversia entre las partes, señaló que no se había consignado el pago de trescientos dólares ($300.00) adeudados por los licenciados Tió Fernández y Torres Rodríguez. Tampoco surge del expediente que el licenciado Torres Rodríguez hubiese presentado la evidencia médica según le fue ordenado.

Como mencionamos anteriormente, por tales hechos, recibida la *Resolución y Orden* emitida por el foro primario el 10 de marzo de 2008, y luego de varios trámites procesales, entre los que se encuentran la correspondiente investigación e informe por parte de la Oficina de la Procuradora General, este Tribunal ordenó la presentación de una querella en la cual se le imputó al licenciado Torres Rodríguez la violación de los Cánones 9, 12, 18, 35 y 38 de Ética Profesional, *infra*.[5] En su contestación a la misma, el referido letrado explicó que, luego de estar viviendo en los

---

[5] Este Tribunal emitió dicha orden el 14 de abril de 2010. No obstante, por error, el asunto se archivó administrativamente en la Oficina del Procurador General y no fue hasta el 15 de junio de 2015 que se presentó la querella. Ello, luego de que, mediante Resolución del 7 de mayo de 2015, se ordenara a la Procuradora General a cumplir con lo ordenado en el 2010.

Estados Unidos, en el año 2002 regresó a Puerto Rico para cuidar de sus padres -- ya que ambos se encontraban enfermos -- hasta que fallecieron. Por tal razón, mantuvo una práctica privada limitada. Indicó que fue en este tiempo que el licenciado Tió Fernández lo abordó para que colaborara en el caso que originó la querella de epígrafe, ello bajo el entendido de que el licenciado Tió Fernández sería el abogado principal. En dicha contestación, también explicó por qué no había podido proporcionar la evidencia médica que en ese momento le solicitó el Tribunal de Primera Instancia.[6]

Afirmó, además, que no actuó de mala fe al indicarle al tribunal que desconocía de dónde pudo haber surgido la dirección que aparecía en los récords del tribunal como su dirección principal. Sobre este particular, aclaró que en un momento dado participó en un caso civil junto al licenciado Jesús A. Zambrana y que, por error, este último incluyó en las mociones su dirección en vez de la del querellado.

Por último, el licenciado Torres Rodríguez aceptó su responsabilidad y reconoció que debió tener una comunicación más efectiva con el licenciado Tió Fernández. Sin embargo, solicitó que se le exonerara de los cargos y se archivara la querella en su contra.

Evaluada la querella y la contestación del aquí querellado, este Tribunal nombró a la licenciada Ygrí Rivera

---

[6] Alegó que, por encontrarse ocupado cuidando a su señora madre, olvidó pedir al doctor Torres Aguiar una certificación explicando su condición de salud. Más adelante, no le había sido posible obtener dicho documento debido a que el médico había cerrado su práctica en Puerto Rico y se había trasladado a los Estados Unidos.

de Martínez como Comisionada Especial para atender el presente proceso disciplinario. Luego de recibir la prueba, ésta presentó su correspondiente *Informe*, en el cual halló al licenciado Torres Rodríguez incurso en las violaciones éticas imputadas en la querella. No obstante, para el momento en que fuésemos a imponer algún tipo de sanción, a grandes rasgos, nos recomendó tomar en consideración que el licenciado Torres Rodríguez aceptó su culpa, pidió excusas por sus errores, pagó todas las sanciones impuestas y presentó evidencia de buena reputación[7].

Es, pues, a la luz de los hechos y trámites procesales antes expuestos, que procedemos a disponer del proceso disciplinario que nos ocupa.

II.

Como se sabe, el Código de Ética Profesional, 4 LPRA Ap. IX, es el cuerpo legal que agrupa las normas de conducta que rigen a los miembros de la profesión jurídica en el País. El referido Código tiene como propósito promover el desempeño personal y profesional de los abogados y las abogadas de acuerdo con los más altos principios de conducta decorosa,

---

[7] En específico, nos recomendó tomar en consideración los siguientes atenuantes: (1) que el licenciado Torres Rodríguez ha aceptado su responsabilidad con humildad y ha pedido disculpas por sus errores; (2) el tiempo transcurrido desde que ocurrieron los hechos ha sido agobiante para el querellado; (3) el letrado no cobró honorarios a la demandada por estar ésta enferma; (4) durante su trayectoria profesional ha mostrado interés en ayudar a los más desfavorecidos; (5) pagó todas las sanciones que le fueron impuestas, incluso las del licenciado Tió Fernández; (6) varias de las notificaciones fueron hechas a una dirección incorrecta; (7) los problemas de salud física y emocional del letrado al momento en que ocurrieron los hechos, incluyendo la enfermedad y muerte de sus padres; y (8) el licenciado Torres Rodríguez es una persona muy querida y respetada en su entorno profesional, según la prueba de reputación que presentó y los datos sobre su trayectoria profesional.

lo que, a su vez, redunda en beneficio de la profesión, la ciudadanía y las instituciones de justicia. *In re Pérez Guerrero*, 2019 TSPR 1, 201 DPR ___ (2019); *In re Espino Valcárcel*, 199 DPR 761 (2018); *In re Cruz Liciaga*, 198 DPR 828 (2017); *In re Franco Rivera*, 197 DPR 628 (2017); *In re Suárez Jiménez*, 192 DPR 152 (2014). En ese sentido, el incumplimiento con lo dispuesto en nuestro ordenamiento deontológico puede acarrear la imposición de severas sanciones disciplinarias. *In re Pérez Guerrero*, *supra*; *In re Espino Valcárcel*, *supra*; *In re Cruz Liciaga*, *supra*; *In re Pestaña Segovia*, 192 DPR 485 (2015); *In re Irizarry Irizarry*, 190 DPR 368 (2014); *In re Asencio Márquez*, 183 DPR 659 (2011).

Cónsono con lo anterior, el Canon 9 del Código de Ética Profesional, 4 LPRA Ap. IX, C. 9, exige a todo abogado o abogada el mostrar para con los tribunales una conducta de sumo respeto. *In re Pérez Guerrero*, *supra*; *In re Espino Valcárcel*, *supra*; *In re López Méndez*, 196 DPR 956 (2016); *In re Montalvo Delgado*, 196 DPR 542 (2016); *In re Torres Rodríguez*, 188 DPR 304 (2013). Como parte de ese respeto profundo que los miembros de la profesión legal deben tener hacia el foro judicial, el referido Canon les ordena a los abogados y las abogadas comparecer en tiempo a los señalamientos notificados por el tribunal, así como cumplir cualquier requerimiento u orden emitida por éste. *In re Pérez Guerrero*, *supra*; *In re Espino Valcárcel*, *supra*; *In re Rivera*

*Navarro*, 193 DPR 303 (2015); *In re Irizarry Irizarry*, *supra*; *In re Nieves Nieves*, 181 DPR 25 (2011).

De otra parte, el Canon 12 del Código de Ética Profesional, 4 LPRA Ap. IX, C. 12, impone a los miembros de la profesión legal el deber de "ser puntual[es] en su asistencia y conciso[s] y exacto[s] en el trámite y presentación de las causas". Como parte de este deber ético, los abogados y las abogadas deben realizar todas las diligencias necesarias para asegurarse de no causar indebidas dilaciones en el trámite de las causas a su cargo. *Íd*.

En esa dirección, hemos expresado que el deber de diligencia es una obligación básica y elemental de los abogados y abogadas hacia sus clientes y que para cumplir con el mismo es necesario que éstos y éstas lleven a cabo las gestiones que le fueron encomendadas de forma oportuna y adecuada, y sin dilaciones que puedan afectar la pronta solución de la controversia. *In re Pérez Guerrero*, *supra*; *In re Otero Calero*, 2018 TSPR 112, 200 DPR ___ (2018); *In re Morell Bergantiños*, 195 DPR 759, 763 (2016); *In re Pietri Torres*, 191 DPR 482, 488 (2014). Ese deber se extiende a todas las etapas de un pleito. *In re Pérez Guerrero*, *supra*; *In re Otero Calero*, *supra*; *In re Nazario Díaz*, 195 DPR 623 (2016); *In re Muñoz, Morell*, 182 DPR 738 (2011).

Asimismo, el Canon 18 del Código de Ética Profesional, 4 LPRA Ap. IX, C. 18, establece que un abogado o abogada no debe "asumir una representación profesional cuando está

consciente de que no puede rendir una labor idónea competente y que no puede prepararse adecuadamente sin que ello apareje gastos o demoras irrazonables a su cliente o a la administración de la justicia". Con relación a este Canon, hemos sostenido que toda actuación negligente por parte del abogado o abogada, que pueda conllevar o, en efecto, conlleve el archivo o desestimación de una causa de acción, constituirá una violación al mismo. *In re López Santiago*, 199 DPR 797 (2018); *In re Nieves Nieves*, 181 DPR 25 (2011); *In re Pujol Thompson*, 171 DPR 683 (2007). Ello, pues, como se sabe, cuando el abogado o la abogada actúa de forma negligente, los intereses del cliente son los verdaderamente afectados. *In re Pérez Guerrero*, *supra*; *In re López Santiago*, *supra*; *In re Nieves Nieves*, *supra*.

Por otro lado, el Canon 35 del Código de Ética Profesional, 4 LPRA Ap. IX, C. 35, impone a todos los abogados y las abogadas un deber de honradez y sinceridad ante los tribunales, sus representados y sus compañeros. El referido Canon dispone que "[n]o es sincero ni honrado el utilizar medios que sean inconsistentes con la verdad ni se debe inducir al juzgador a error utilizando artificios o una falsa relación de los hechos o del derecho". *Íd*.

Se incumple con el deber impuesto por el Canon 35 de Ética Profesional, *supra*, por el simple hecho de faltar a la verdad, independientemente de las razones que lo motiven. *In re Pérez Guerrero*, *supra*; *In re Vázquez Pardo*, 185 DPR 1031 (2012); *In re Iglesias García*, 183 DPR 572 (2011); *In re*

*Nieves Nieves*, 181 DPR 25 (2011); *In re Curras Ortiz*, 174 DPR 502 (2008). Como hemos resaltado en ocasiones previas, el ejercicio de la abogacía se fundamenta en la búsqueda de la verdad, por lo que es contrario a su función que un abogado se aparte de su deber de sinceridad y honradez en cualquier aspecto en el que se desempeñe. *In re Pérez Guerrero*, *supra*; *In re Nazario Díaz*, 198 DPR 793, 805 (2017); *In re Irizarry Rodríguez*, 193 DPR 633 (2015); *In re Sierra Arce*, 192 DPR 140 (2014).

Por último, el Canon 38 del Código de Ética Profesional, 4 LPRA Ap. IX, C. 38, impone a todos los miembros de la profesión legal el deber de esforzarse al máximo en exaltar el honor y dignidad de la misma. Este deber, a su vez, implica que todo abogado o abogada "debe evitar hasta la apariencia de conducta profesional impropia" e "interesarse en hacer su propia y cabal aportación hacia la consecución de una mejor administración de la justicia". *Íd.*

Este Tribunal ha expresado que "'[l]a justicia debe ser inmaculada, tanto en su realidad interior como en la percepción externa.... Cuando la conducta que se le imputa a un abogado demuestra que no se conduce de forma digna y honorable, viola el citado Canon 38'". *In re Gordon Menéndez*, 183 DPR 628, 642 (2011) (citando a *In re Pons Fontana*, 182 DPR 300, 310 (2011)). Véanse, además, *In re Pagán Pagán*, 171 DPR 975 (2007); *In re Roldán González*, 113 DPR 238 (1982). Los abogados y abogadas deben actuar en todo momento con el más escrupuloso sentido de responsabilidad que impone su

función social, pues éstos y éstas reflejan la imagen de la profesión. *In re Pérez Guerrero*, *supra*; *In re Gordon Menéndez*, *supra*; *In re Nieves Nieves*, 181 DPR 25 (2011); *In re Pagán Pagán*, *supra*; *In re Cuyar Fernández*, 163 DPR 113 (2004).

### III.

Establecido lo anterior, precisa también señalar que, al momento de imponer una sanción disciplinaria, este Tribunal debe tomar en consideración los siguientes factores: (1) la reputación del abogado en la comunidad; (2) su historial previo; (3) si la falta en cuestión constituye su primera infracción; (4) si ninguna parte ha resultado perjudicada; (5) la aceptación de la falta y su sincero arrepentimiento; (6) si es una conducta aislada; (6) si medió ánimo de lucro en su actuación; (7) el resarcimiento al cliente; y (8) cualquier otra consideración, ya sea atenuante o agravante, que surja de los hechos. *In re Pérez Guerrero*, *supra*; *In re Medina Torres*, 2018 TSPR 123, 200 DPR ___ (2018); *In re Otero Calero*, *supra*; *In re Pagani Padró*, 198 DPR 812 (2017).

Es, pues, a la luz de la normativa antes expuesta que procedemos a disponer del presente proceso disciplinario.

### IV.

De entrada, es menester señalar que, en lo que respecta a la querella de epígrafe, no albergamos duda alguna de que el licenciado Torres Rodríguez violó cada uno de los Cánones de Ética Profesional antes mencionados. Nos explicamos.

En primer lugar, de un detenido y minucioso examen del expediente ante nuestra consideración claramente se desprende que el licenciado Torres Rodríguez, en varias instancias, desplegó una conducta de poco o ningún respeto hacia los tribunales del país. Ello, al no comparecer en tiempo a las vistas señaladas por el tribunal y al incumplir, en varias ocasiones, con las órdenes del foro judicial primario. Si bien varias de las órdenes incumplidas fueron notificadas a una dirección errónea, fue el propio abogado el que indujo a error al tribunal al brindar la referida dirección en escritos anteriores sometidos ante el foro primario. Al igual que al Tribunal de Primera Instancia, el tiempo transcurrido sin que el letrado hiciera alguna gestión para corregir la referida situación, nos resulta inaceptable.

Asimismo, el referido letrado faltó a su deber de puntualidad y diligencia, al tramitar sus causas de forma tardía, ocasionando dilaciones innecesarias a su clienta e incluso provocando la eliminación de sus alegaciones y la celebración de un juicio en rebeldía. De esta forma, el licenciado Torres Rodríguez infringió los Cánones 9 y 12 del Código de Ética Profesional, *supra*.

De otra parte, la conducta del licenciado Torres Rodríguez, particularmente cuando alude que aceptó colaborar en el presente caso bajo el entendido de que el licenciado Tió Fernández sería el abogado principal -- intimando con ello que no debía esforzarse al máximo en la representación

legal de su cliente -- también constituyó una violación del Canon 18, *supra.* El querellado no debió asumir dicha representación profesional a sabiendas de que no podía rendir una labor idónea y competente en la defensa de los intereses de su cliente.

Además de fallar en rendir una labor diligente y competente, el licenciado Torres Rodríguez faltó a su deber de sinceridad y honradez. Ello, al declarar ante el tribunal que no tenía idea de cómo pudo llevarse a cabo el cambio de la dirección a la cual se le habían enviado las notificaciones del tribunal y que nunca había estado en la misma, cuando surge del expediente que éste había comparecido en otro caso junto al licenciado Zambrana Rodríguez y la dirección que se le proveyó en ese entonces al tribunal fue la misma a la cual luego se le notificaron las órdenes en el pleito que dio lugar a la querella de epígrafe. De esta forma, el letrado incurrió en violación del Canon 35.

Por último, con la conducta antes descrita, el licenciado Torres Rodríguez faltó a su deber de exaltar el honor y la dignidad de la profesión. Asimismo, en su desempeño como abogado en el caso que originó la presente querella, éste no mostró interés en hacer una cabal aportación hacia la consecución de una mejor administración de la justicia. Así, pues, el querellado violó el Canon 38.

Ahora bien, según se desprende del *Informe de la Comisionada Especial*, a grandes rasgos, el licenciado Torres Rodríguez aceptó su culpa, pidió excusas por sus errores,

pagó todas las sanciones impuestas y presentó evidencia de su buena reputación en la comunidad. Dichos atenuantes los hemos tomado en consideración. **Sin embargo, al momento de disciplinar a este letrado, debemos también considerar lo siguiente: (1)no es la primera vez que ha estado sujeto a un procedimiento disciplinario -- pues, incluso, ya ha sido suspendido anteriormente --; (2) el historial de reiterado incumplimiento que mostró a lo largo del caso en cuestión; y (3) los perjuicios ocasionados a su clienta, incluyendo las sanciones económicas, las dilaciones, la eliminación de sus alegaciones y la celebración de un juicio en rebeldía.**

V.

Siendo ello así, a la luz de todo lo antes expuesto, se suspende inmediatamente al licenciado Torres Rodríguez del ejercicio de la abogacía por un término de tres (3) meses. En consecuencia, se le impone a éste el deber de notificar a todos sus clientes de su inhabilidad para continuar representándolos durante dicho periodo, devolver cualesquiera honorarios recibidos por trabajos no realizados e informar inmediatamente de su suspensión a los foros judiciales y administrativos donde tenga casos pendientes. Además, tiene la obligación de acreditar y certificar ante este Tribunal el cumplimiento con lo anterior, dentro del término de treinta (30) días a partir de la notificación de esta Opinión *Per Curiam* y Sentencia.

Se dictará Sentencia de conformidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

*In re:*

Luis R. Torres Rodríguez      CP-2015-9
(TS-4452)

SENTENCIA

En San Juan, Puerto Rico, a 12 de marzo de 2019.

Por los fundamentos expuestos en la Opinión que antecede, la cual se hace formar parte de la presente Sentencia, se suspende inmediatamente al Lcdo. Luis R. Torres Rodríguez del ejercicio de la abogacía por un término de tres (3) meses. Se le impone al licenciado Torres Rodríguez el deber de notificar a todos sus clientes de su inhabilidad para continuar representándolos durante dicho periodo, devolver cualesquiera honorarios recibidos por trabajos no realizados e informar inmediatamente de su suspensión a los foros judiciales y administrativos donde tenga casos pendientes. Además, tiene la obligación de acreditar y certificar ante este Tribunal el cumplimiento con lo anterior, dentro del término de treinta (30) días a partir de la notificación de esta Opinión *Per Curiam* y Sentencia.

Lo acordó el Tribunal y certifica el Secretario del Tribunal Supremo.

José Ignacio Campos Pérez
Secretario del Tribunal Supremo